**Lonnie A. CARSON, Appellant–
Defendant Below,**

v.

**STATE of Indiana, Appellee–
Plaintiff Below.**

No. 45A03–9505–CR–141.

Court of Appeals of Indiana.

Dec. 21, 1995.

Nathaniel Ruff, Crown Point, for Appellant.

Pamela Carter, Attorney General of Indiana and Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

ROBERTSON, Judge.

Lonnie Carson appeals his convictions of Murder and two counts of Attempted Murder after a trial by jury. Carson raises one issue on appeal. Restated it is:

> whether the trial court committed reversible error in permitting evidence that Carson may have participated in a drive-by shooting of the murder victim's mother's house the day after the murder.

We affirm.

**FACTS**

The facts in the light most favorable to the verdict reveal that on September 5, 1994, twenty-year old Carson, his girlfriend, and their baby, went to a convenience store for baby wipes. Carson was from the Concord neighborhood of Gary, Indiana. While in the convenience store, Carson encountered three young men from the rival Terrytown neighborhood. After a confrontation, Carson ran back to his car, obtained a .380 handgun, and fired upon the three other men, killing one of them.

The convenience store video monitors placed Carson in the store immediately before the shooting. The two Attempted Murder victims unequivocally identified Carson as the gunman.

The mother of the victim learned from the victim's friends that Carson had murdered her son. The mother passed this information on to the police. The next day, a drive-by shooting took place at the mother's home. The mother's home was sprayed by approximately thirty shots. One person was shot in the neck. The mother recovered several shotgun shell casings, shell casings, and spent bullets which she turned over to the police.

Two days later, Carson was captured by police. Carson had been with two other men when he was captured. The three men had in their possession a 9 millimeter handgun and a shotgun. Ballistics tests linked the handgun and the shotgun to the drive-by shooting of the victim's mother's home.

At trial, over Carson's objection, the trial court permitted the State to introduce the evidence of the drive-by shooting and the evidence of Carson's nonexclusive, constructive possession of the weapons linking him to the crime. The presentation of this evidence constituted a substantial portion of the trial.

## DECISION

■ Indiana Evidence Rule 404(b) provides:

**Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, ...

Whenever the State attempts to introduce evidence of instances of the defendant's uncharged misconduct, the trial court must look to see whether that evidence is offered to prove something other than the defendant's bad character or propensity to commit the charged crime. *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 129. If the evidence is offered only to produce the "forbidden inference," that is, that the defendant had engaged in other, uncharged misconduct and that the charged conduct was in conformity with the uncharged misconduct, then the evidence is inadmissible. *Id.*

■ The analysis of admissibility under Evid.R. 404(b) necessarily incorporates the Evid.R. 403 balancing test. *Hardin*, 611 N.E.2d at 129. Indiana Evidence Rule 403 reads:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

The Evid.R. 403 balancing test must be employed because, even if the evidence has some probative value, it might unfairly affect the outcome of the trial and thus violate the defendant's constitutional due process right to a fair trial. *Hardin*, 611 N.E.2d at 129. The trial court has wide latitude in weighing the probative value of the evidence against the possible prejudice of its admission and its ruling will be reviewed only for an abuse of discretion. *Shipley v. State* (1993), Ind.App., 620 N.E.2d 710, 719.

■ There is a threshold requirement that the State establish that the defendant committed the extrinsic offense. *Gibbs v. State* (1989), Ind., 538 N.E.2d 937, 940. Obviously, this determination is essential in evaluating whether the extrinsic evidence has any relevance or probative value whatsoever, let alone whether the probative value of the evidence outweighs the danger of unfair prejudice. *Id.* The court in *United States v. Bradley* (9th Cir.1993), 5 F.3d 1317, 1320, held that the admission of evidence that the defendant had committed an unrelated homicide was reversible error where the evidence linking the defendant to this homicide was of dubious merit.

The State asserts the evidence of the drive-by shooting was admissible under the "motive" exception to Evid.R. 404(b). The State argues that Carson and the victim were residents of rival neighborhoods and it was likely that the hate emanated from this rivalry had manifested itself, not only in the murder, but also in the drive-by shooting. The State points out that motive is always relevant in the proof of a crime, citing *Chanley v. State* (1991), Ind., 583 N.E.2d 126, 129.

In *Wickizer v. State* (1993), Ind., 626 N.E.2d 795, 797, our supreme court examined the "intent" exception to Evid.R. 404(b) and noted that intent, or the defendant's culpability, is a matter to be proven in virtually every criminal prosecution. The *Wickizer* court held:

Notwithstanding the need to allow proper evidence of an accused's intent at the time of the charged offense, the use of prior conduct evidence for this purpose

introduces the substantial risk of conviction based predominantly on bad character. Applying a broad construction to the intent exception of Rule 404(b), the admissibility or prior conduct evidence could improperly create the 'forbidden inference'.... This would cause the intent exception of Rule 404(b) to overwhelm the rule's primary objective of prohibiting evidence of other crimes, wrongs, or acts 'to prove the character of a person in order to show action in conformity therewith.'

*Id.* (Citations omitted).

We hold the same problem obtains from a broad construction of the "motive" exception of Evid.R. 404(b). Moreover, the defendant's motive is not even an element that the State had been required to prove. Based on *Wickizer*, we hold that the State may not rely on the "motive" exception of Evid.R. 404(b) to justify the introduction of the evidence of the drive-by shooting in this case.

The State argues the evidence of the drive-by shooting was admissible to show Carson's consciousness of guilt, citing *United States v. Henderson* (7th Cir.1995), 58 F.3d 1145, 1150 (Fed.R.Evid. 404(b)). This argument is based upon an interpretation of the drive-by shooting as an act intended to intimidate the victim's family from cooperating with police.

We hold that this justification for the admission of the drive-by shooting fails the Evid.R. 403 balancing test. The evidence of the drive-by shooting has very little probative value to prove Carson's consciousness of guilt. First of all, the evidence linking Carson to the crime, his non-exclusive, constructive possession of the guns, is not overly persuasive (especially considering the assertion that the motivation for violence is the nonexclusive, collective hatred arising out of the neighborhood rivalry). Second, that the crime could be motivated to intimidate prosecution witnesses lacks coherency. There is no evidence that either of the Attempted Murder victims, or any other witness who could place Carson at the scene of the crime, were in attendance at the mother's home during the drive-by shooting.

On the other hand, the potential for unfair prejudice abounds. The cowardly crime of the drive-by shooting of the home of a mother who had just lost her son to murder (with the endangerment of several innocent, mourning bystanders) could not help but inflame the passions of the jury. Therefore, we hold that the trial court abused its discretion in permitting the introduction into evidence of the drive-by shooting.

However, reversal is not warranted here. When determining whether the erroneous admission of evidence of an extrinsic offense is harmless, the reviewing court must determine whether the jury's verdict was substantially swayed by the improper evidence. *Warner v. State* (1991), Ind., 579 N.E.2d 1307, 1311. If the error had substantial influence, or if one is left in grave doubt, the conviction cannot stand. *Id.* Error in the admission of evidence of collateral criminal conduct may be harmless where the jury's verdict is supported by independent evidence of guilt such that the reviewing court is satisfied that there was no substantial likelihood that the improperly admitted evidence played a part in the defendant's conviction. *James v. State* (1993), Ind., 613 N.E.2d 15, 22.

In the present case, the convenience store's video cameras placed Carson at the precise time and place of the crime. Carson's neighborhood affiliation gave him the motive to open fire on the residents of the rival neighborhood. Finally, the two Attempted Murder victims unequivocally identified Carson as the gunman.

Carson's convictions arising out of the crimes committed at the convenience store are supported by independent evidence of guilt such that we are satisfied that the evidence of the drive-by shooting played no part in the jury's verdict. Therefore, we find no reversible error.

Judgment affirmed.

NAJAM and RUCKER, JJ., concur.