**Geneva POINDEXTER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9406–CR–323.

Court of Appeals of Indiana.

May 2, 1996.

Terry R. Curry, Butler, Hahn, Little & Hill, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Geneva Poindexter appeals her conviction, after a jury trial, of Battery. Poindexter raises two issues, neither of which constitutes reversible error.

## FACTS

The facts in the light most favorable to the verdict reveal that Poindexter beat her son, the victim, on many occasions. Two beatings were charged. Poindexter was convicted of one charged beating and acquitted of the other. Additional facts are supplied as necessary.

## DECISION

### I.

Whether the trial court committed reversible error in admitting evidence that Poindexter had beaten her son on previous occasions.

Substantial evidence of the uncharged beatings were admitted over Poindexter's objections. During one of these uncharged beatings, Poindexter had allegedly struck her son over the head with a broom handle.

During opening arguments, which were not made a part of the record, Poindexter outlined her defense. During an argument

before the bench, the deputy prosecutor pointed out, without contradiction, that Poindexter's counsel had argued in his opening statement that Poindexter's defense was one of "self-defense in a parental abuse situation." Poindexter testified in her own defense that she had been the victim of the son's on-going beatings and the times in which she had struck her son were in self-defense.

■ The State posits that the evidence of uncharged misconduct was admissible under the "intent" exception of Indiana Evidence Rule 404(b) which reads:

> **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, . . .

Whenever the State attempts to introduce evidence of instances of the defendant's uncharged misconduct, the trial court must look to see whether that evidence is offered to prove something other than the defendant's bad character or propensity to commit the charged crime. *Hardin v. State,* 611 N.E.2d 123, 129 (Ind.1993). If the evidence is offered only to produce the "forbidden inference," that is, that the defendant had engaged in other, uncharged misconduct and that the charged conduct was in conformity with the uncharged misconduct, then the evidence is inadmissible. *Id.*

■ The analysis of admissibility under Evid.R. 404(b) necessarily incorporates the Evid.R. 403 balancing test. *Hardin,* 611 N.E.2d at 129. Indiana Evidence Rule 403 reads:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

The Evid.R. 403 balancing test must be employed because, even if the evidence has some probative value, it might unfairly affect the outcome of the trial and thus violate the defendant's constitutional due process right to a fair trial. *Hardin,* 611 N.E.2d at 129. The trial court has wide latitude in weighing the probative value of the evidence against the possible prejudice of its admission and its ruling will be reviewed only for an abuse of discretion. *Shipley v. State,* 620 N.E.2d 710, 719 (Ind.Ct.App.1993).

In *Wickizer v. State,* 626 N.E.2d 795 (Ind. 1993), our supreme court examined the "intent" exception to Evid.R. 404(b) and noted that intent, or the defendant's culpability, is a matter to be proven in virtually every criminal prosecution. The *Wickizer* court held:

> Notwithstanding the need to allow proper evidence of an accused's intent at the time of the charged offense, the use of prior conduct evidence for this purpose introduces the substantial risk of conviction based predominantly on bad character. Applying a broad construction to the intent exception of Rule 404(b), the admissibility or prior conduct evidence could improperly create the 'forbidden inference'. . . . This would cause the intent exception of Rule 404(b) to overwhelm the rule's primary objective of prohibiting evidence of other crimes, wrongs, or acts 'to prove the character of a person in order to show action in conformity therewith.'

*Id.* at 797 (Citations omitted). The *Wickizer* court went on to note, however, that:

> The intent exception in Evid.R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent. When a defendant alleges in a trial a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation of his own case-in-chief, the State may respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense.

*Id.* at 799.

In the present case, Poindexter advanced her defense of self-defense (that is, that she entertained a particular contrary intent dur-

ing the violent altercations) in her opening statement and vigorously maintained this defense throughout trial. Under these circumstances, we cannot conclude that the trial court erred in permitting the State to introduce the uncharged beatings to rebut Poindexter's defense under the intent exception to Evid.R. 404(b).

█ Moreover, we cannot conclude that the trial court erred in the application of the Evid.R. 403 balancing test. The case turned on credibility—the victim's word against Poindexter's. The evidence of the other beatings, establishing a pattern of abuse, was quite probative of Poindexter's intent in the charged beatings and in rebutting her claim of self-defense. Thus, the evidence substantially outweighed any danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

## II.

whether the trial court committed reversible error by responding to the jury's note during deliberations.

█ During deliberations, the jury sent the trial court the following note:

> Can one be acting out of fear of great bodily harm and also be guilty of acting in a rude, insolent or angry manner.

The trial court sent back the following note:

> This is a question of fact for the jury to decide.

When the parties returned to the courtroom upon the completion of the jury's deliberations, the court revealed:

> During the Jury's deliberation they handed a note to the Bailiff, who promptly relayed it to me, and promptly reached an agreement with both the State and [defense counsel].

The court then questioned Poindexter personally as follows:

> Q. Mrs. Poindexter, [defense counsel] came out and told you about that questions (sic) and proposed answer, didn't her?
>
> A. Yes, Your honor.

The trial court then asked the parties whether there was "anything else prior to bringing the jury in?" to which both the prosecutor and defense counsel responded, "no, your Honor."

█ In order to preserve an error in a trial court's communication with a jury, the defendant must make a timely objection. *Parrish v. State*, 515 N.E.2d 516, 520 (Ind. 1987). Error invited by the complaining party is not reversible error. *Lacy v. State*, 438 N.E.2d 968, 971 (Ind.1982).

The record affirmatively demonstrates that Poindexter and her counsel were consulted and participated in the trial court's response to the note from the jury. Any error in the trial court's response to the jury's note has either been waived or was invited. Therefore, we find no reversible error.

Judgment affirmed.

BAKER, J., and SHARPNACK, C.J., concur.