Rex E. SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 12A02–9602–CR–74.

Court of Appeals of Indiana.

April 22, 1997.

Rehearing Denied June 26, 1997.

Transfer Denied Aug. 13, 1997.

---

Donald E.C. Leicht, Noel & Noel, Kokomo, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Rex E. Smith appeals his convictions, following a jury trial, for two counts of Child

Molesting, and three counts of Sexual Battery, all as Class D felonies. From 1981 through 1994, Smith taught agricultural classes in the Clinton Central School District and, during some of that period, coached the boys' junior varsity basketball team. Smith also functioned as an advisor to students involved in the Future Farmers of America program. The State's six count information filed against Smith alleged the molestation and sexual battery of several boys with whom Smith had come in contact during his tenure with the Clinton Central School District. After a jury returned guilty verdicts on five of the counts, the trial court sentenced Smith to a total of 14 years imprisonment. We will state additional facts in our discussion when necessary.

We affirm in part, reverse in part, and remand.

## ISSUES

Smith presents several issues for our review which we restate as:

1. Whether Smith's conviction for count V, sexual battery, was time barred.

2. Whether the State presented sufficient evidence on the element of force to sustain Smith's convictions on counts II and VI for sexual battery.

3. Whether the trial court erred when it admitted evidence of Smith's prior uncharged conduct.

4. Whether Smith was denied a fair trial as the result of prosecutorial misconduct.

5. Whether Smith received the effective assistance of trial counsel.

6. Whether the trial court abused its discretion when it denied Smith's motion for recusal of the judge prior to sentencing.

7. Whether the aggravating factors support the imposition of enhanced and consecutive sentences.

1. We admonish counsel that Ind.Appellate Rule 7.2 requires notations on the margin of each page of the transcript of the evidence indicating the name of each witness and whether the examination is direct, cross, or redirect.

## DISCUSSION AND DECISION[1]

### Issue One: Statute of Limitations

Smith first contends that his conviction for count V, sexual battery, cannot stand because the State failed to bring the Class D felony charge within the five year period of limitations. Indiana Code § 35–41–4–2(a)(1) provides that "a prosecution for an offense is barred unless it is commenced: (1) within five years after the commission of a Class B, Class C, or Class D felony." T.B., the alleged victim of count V, testified that Smith fondled him during mid-season of the 1989–90 high school basketball season. The State did not file the information on count V until June 28, 1995, which the State apparently concedes is outside of the five-year limitations period. See Appellee's Brief at 8 and 20. Although the State maintains that Smith has waived error by failing to object to the charges by way of a motion to dismiss the information, we conclude that a violation of the statutory limitations period constituted fundamental error and, therefore, no waiver occurred. As early as 1860 our supreme court determined that a defendant might avail himself of the statute of limitations without pleading it. Ulmer v. State, 14 Ind. 52, 55 (1860). Thus, our decisions have uniformly recognized that it is a part of the State's burden to establish that the offense was committed within the period of limitations. Fisher v. State, 259 Ind. 633, 291 N.E.2d 76, 82 (1973); Atkins v. State, 437 N.E.2d 114, 117 (Ind.Ct.App.1982) cert. denied, 462 U.S. 1109, 103 S.Ct. 2460, 77 L.Ed.2d 1337. Where then, as here, the information charges an offense within the limitation period but the proof clearly establishes that the offense was not committed within the proper period of limitations, the defendant is entitled to be discharged on that count and the failure to do so constitutes fundamental error. We reverse Smith's conviction on count V.

### Issue Two: Sufficiency of the Evidence

Smith next asserts that the evidence was insufficient to support his convictions for

counts II and VI, sexual battery. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Landress v. State,* 600 N.E.2d 938, 940 (Ind.1992). Instead, we look to the evidence most favorable to the verdict together with all reasonable inferences to be drawn therefrom. *Id.* If there exists substantial evidence of probative value to establish every material element of the offense beyond a reasonable doubt, we will not disturb the judgment. *Griepenstroh v. State,* 629 N.E.2d 887, 889 (Ind.Ct.App. 1994), *trans. denied.*

To prove each offense of sexual battery, the State was required to prove that Smith touched another person "with the intent to arouse or satisfy [his] own sexual desires or the sexual desires of another person," when that person was "compelled to submit to the touching by force or imminent threat of force." IND. CODE § 35–42–4–8(1). Smith argues that there was insufficient evidence of force or imminent threat of force to sustain his convictions. We agree with Smith.

The element of force may be inferred from the circumstances. *Tobias v. State,* 666 N.E.2d 68, 70 (Ind.1996). It is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined. *Id.* at 72. This is a subjective test that looks to the victim's perception of the circumstances surrounding the incident and, thus, the issue is whether the victim perceived the aggressor's force or imminent threat of force as compelling his or her compliance. *Id.* We address the evidence of force on each challenged count in turn.

■ In count II, Smith was charged with the sexual battery of J.H. occurring in the Summer of 1993. The record shows that J.H., a friend of J.H.'s named S.B., and Smith's son were returning from a trip with Smith to judge some livestock. J.H. slept in the back seat of Smith's truck on the way home from the trip. J.H. testified that after Smith had dropped off S.B. at his home, Smith "reached back and unbuttoned my pants and stuck his hand in my pants and grabbed me ... my penis, and he was fondling me...." Record at 372. After Smith stopped fondling him, J.H. pulled away and rolled over on the seat. J.H. testified that he had no reason to be afraid of Smith before the incident. Moreover, J.H. stated that he did not say anything to Smith while he was fondling him because he "didn't know what to do." Record at 373. Although it is clear that J.H. did not consent to the touching, evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force. *Scott–Gordon v. State,* 579 N.E.2d 602, 604 (Ind.1991). Not all touchings intended to arouse or satisfy sexual desires constitute sexual battery; only those in which the person touched is compelled to submit by force or imminent threat of force violate Indiana Code § 35–42–4–8. *Id.* Here, there is no evidence that J.H. was compelled to submit to Smith's touching by force or the imminent threat of force. While this touching may have constituted a battery, it did not constitute a sexual battery as defined by the statute. *See id.* Therefore, we reverse Smith's conviction for count II.

■ There is a similar lack of sufficient evidence on the element of force to support Smith's conviction for count VI. The record shows that in the summer of 1994, A.B. accompanied Smith and S.B. to the Vigo County Fair, where again Smith judged livestock. On the way home from the trip, A.B. slept in the front seat of Smith's truck. A.B. testified that he awoke to Smith sliding his hand up the inner thigh inside A.B.'s shorts and grabbing A.B.'s penis. When asked whether he said anything to Smith when he realized what was happening, A.B. responded "no, not really." Record at 438. Thereafter, A.B. did not discuss the incident with Smith. Again, although the touching was clearly not consented to, there is no evidence that A.B. was compelled to submit to the touching by force or the imminent threat of force. We reverse Smith's conviction for count VI.[2]

2. Because we reverse Smith's conviction on count VI for insufficient evidence, we need not address whether prosecution of that count was properly venued in Clinton County.

### Issue Three: Prior Uncharged Acts

██ Smith contends that the trial court committed reversible error when it admitted evidence of his prior uncharged bad acts. Smith concedes that he failed to object to the prior uncharged acts testimony of J.M., A.A., and J.H.. Nevertheless, he asserts that he did properly object to similar testimony of S.W., T.J., and T.N.. Despite Smith's objection to some of the prior uncharged acts evidence, we conclude that he has waived appellate review of any potential error in the admission of that evidence. We will not predicate the reversal of a conviction on the erroneous admission of evidence if other evidence of the same probative effect is admitted without objection. *Mills v. State,* 648 N.E.2d 1212, 1213 (Ind.Ct.App.1995).

### Issue Four: Prosecutorial Misconduct

We next address Smith's assertion that he was denied a fair trial due to misconduct engaged in by the prosecutor. In reviewing a claim of prosecutorial misconduct, we consider whether the prosecutor's actions in fact were misconduct and whether those actions subjected the defendant to grave peril to which the defendant would not otherwise have been subjected. *Schlomer v. State,* 580 N.E.2d 950, 956 (Ind.1991). The determination of grave peril involves consideration of the probable persuasive effect of the misconduct on the jury's decision. *Marshall v. State,* 621 N.E.2d 308, 320 (Ind.1993). We also consider whether there are repeated instances of misconduct which reflect a deliberate attempt by the prosecutor to improperly prejudice the defendant's right to a fair trial. *Id.*

Smith claims that the prosecutor committed misconduct when he introduced the prior uncharged acts evidence. Smith also claims that the prosecutor engaged in misconduct by stating during opening statement and closing argument that Smith's intent was "presumed" from his touching of two of the victims. As stated in Issue Three, Smith failed to object to several instances of the prior uncharged acts testimony and, thus, he cannot argue he was subjected to grave peril due to the prosecutor's introduction of other testimony of the same probative effect. Fur-

ther, Smith failed to make timely objections to any of the prosecutor's comments during opening statement or closing argument. Accordingly, a claim of prosecutorial misconduct based on those comments is similarly waived. *Zenthofer v. State,* 613 N.E.2d 31, 34 (Ind.1993).

### Issue Five: Ineffective Assistance of Counsel

██ As Smith has foreseen his waiver of several issues on appeal due to his counsel's failure to object, we must now address Smith's claim of ineffective assistance of trial counsel. We will reverse on a claim of ineffective assistance of counsel only where a defendant shows both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Bellmore v. State,* 602 N.E.2d 111, 123 (Ind.1992) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To prove that counsel's performance resulted in prejudice which amounted to the deprivation of a fair trial, the defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Spranger v. State,* 650 N.E.2d 1117, 1121 (Ind.1995).

"It shall strongly be presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Bellmore,* 602 N.E.2d at 123. To succeed on a claim of ineffective assistance of counsel based upon the failure to object to the admission of evidence during trial, the defendant must demonstrate that a proper objection, if made, would have been sustained by the trial court. *Grigsby v. State,* 503 N.E.2d 394, 396 (Ind. Ct.App.1987); *Smith v. State,* 655 N.E.2d 532, 544 (Ind.Ct.App.1995), *trans. denied.*

Smith first asserts that counsel was ineffective for failing to object to the State's introduction of prior uncharged acts evidence. Indiana Evidence Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in con-

formity therewith. It may, however, be admissible for other purposes such as proof of motive, intent, plan, knowledge, identity or absence of mistake or accident. . . .

Whenever the State attempts to introduce evidence of instances of the defendant's uncharged misconduct, the trial court must consider whether the evidence is offered to prove something other than the defendant's bad character or propensity to commit the charged crime. *Carson v. State*, 659 N.E.2d 216, 218 (Ind.Ct.App.1995). The intent exception to Rule 404(b) is available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of contrary intent, whether in opening statement, by cross-examination, or by presentation of his own case-in-chief. *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind. 1993).

In addition, analysis of admissibility under Rule 404(b) necessarily incorporates the Evidence Rule 403 balancing test. *Poindexter v. State*, 664 N.E.2d 398, 400 (Ind.Ct.App.1996). Thus, for prior uncharged acts evidence to be admissible under Rule 404(b), the probative value of the evidence must outweigh its undue prejudicial impact. *See* Ind. Evidence Rule 403. The trial court has wide latitude in weighing the probative value of the evidence against the possible prejudice of its admission, and its ruling will be reviewed only for an abuse of discretion. *Poindexter*, 664 N.E.2d at 400.

The record indicates that Smith sufficiently placed his intent at issue to justify the admission of his prior uncharged acts under the intent exception to Rule 404(b). During opening statement, Smith's counsel implied that any touching of the victims was merely the common and innocent actions of Smith as a basketball coach. Counsel stated to the jury "you've all been to basketball games. You've seen what goes on. I suppose every coach in the land has slapped a guy on the behind as he comes into the . . . huddle

group." Moreover, during cross-examination of one of the alleged child molesting victims, B.D., Smith's counsel implied that B.D. could have misinterpreted or confused Smith's "physical interactions" with the boys. We agree with the State and conclude that Smith affirmatively advanced a claim of contrary intent.

■ Moreover, the pattern and similarity of Smith's conduct with other students over the years was extremely probative of his intent in the charged sexual batteries and molestations and in rebutting his advanced theory that his actions may have been misinterpreted. Thus, the probative value of the uncharged acts evidence substantially outweighed any danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. *See* Evid.R. 403.[3] Because the evidence was properly admissible, Smith has failed to show that an objection by trial counsel would have been sustained. Smith has not shown ineffective assistance on this issue.

■ The next instance where Smith alleges ineffective assistance is his counsel's failure to object to the alleged prosecutorial misconduct committed during the State's opening statement and closing argument when the prosecutor told the jury that it could "presume" that Smith had sexual intent when he touched the two alleged victims of child molesting. As conceded by the State, a defendant's intent to gratify his or her sexual desires may be *inferred* from the defendant's touching of the child victim's genital area. *Short v. State*, 564 N.E.2d 553, 559 (Ind.Ct. App.1991) (emphasis added). Smith points to his counsel's failure to object to the prosecutor's misconduct of "systematically equating" a presumption with an inference. Brief of Appellant at 35.

Despite such mischaracterization made by the prosecutor, and even absent an objection

3. Indeed, the trial court repeatedly admonished and instructed the jury that the uncharged acts evidence was received solely on the issue of Smith's intent, and that the evidence was to be considered only for that limited purpose. We presume the admonishment to be adequately cu-

rative of any danger that the jury improperly considered the evidence. *See Marshall v. State*, 621 N.E.2d 308, 321 (Ind.1993); *see also Brim v. State*, 624 N.E.2d 27, 35 n. 3 (Ind.Ct.App.1993), *trans. denied.*

by trial counsel, the trial court properly instructed the jury that the intent to gratify might only be "inferred" from an intentional touching of the child victim's genital area. Record at 74. Because the jury was properly instructed, we cannot say that counsel's failure to object to the prosecutor's remarks so prejudiced Smith as to deprive him of a fair trial.[4]

### Issue Six: Recusal

██ Smith contends that the trial judge erred when he declined to recuse himself prior to sentencing. It is within the discretion of the trial court to grant a change of judge at the sentencing stage of a criminal prosecution. *Thakkar v. State*, 644 N.E.2d 609, 611 (Ind.Ct.App.1994). A reviewing court may reverse a denial of a change only for an abuse of discretion. *Id.* The law presumes that a judge is unbiased and unprejudiced. *Haynes v. State*, 656 N.E.2d 505, 507 (Ind.Ct. App.1995). However, actual bias is not the determinative issue; instead, the true question is whether "an objective person, knowledgeable of all of the circumstances, would have a reasonable basis for doubting the judge's impartiality." *Mahrdt v. State*, 629 N.E.2d 244, 248 (Ind.Ct.App.1994) (quoting *Tyson v. State*, 622 N.E.2d 457, 459 (Ind. 1993).

In support of his motion for recusal, Smith pointed to alleged comments made by the trial judge to Smith's counsel in which the trial judge advised counsel that Smith would get a severe sentence if he did not take a plea agreement. Upon review of the affidavit filed by the judge in response to Smith's motion, we conclude that an objective person, knowledgeable of all of the circumstances, would have no reasonable basis for doubting the judge's impartiality. *See* Record at 118–19. Specifically, the trial judge averred that he did not have a prejudiced state of mind against Smith which would prevent a fair and impartial sentence. The trial judge admitted that he had indeed indicated to counsel that a trial rather than the plea agreement offered by the State would likely result in a longer sentence; however, the trial judge explained that his understanding was that Smith was

offered a plea of guilty to a single count, a sentence upon which would obviously result in a shorter sentence than convictions and sentences on all six counts charged. Moreover, the trial judge explained that the child molesting expert used by the court had indicated that any convicted child molesting defendant who continued to deny his crimes would not be a good candidate for treatment and successful sex abuse counseling. We conclude that the trial judge's act of informing defense counsel that the plea agreement would result in a shorter term of imprisonment for Smith indicated neither actual bias nor the appearance of partiality. The trial court did not abuse its discretion when it denied Smith's motion for recusal.

### Issue Seven: Sentencing

Finally, we address Smith's contention that the trial court considered improper aggravating factors to support his enhanced and consecutive sentences. The record indicates that the trial court cited several aggravating factors including that "the defendant was in a position of trust, being a teacher, coach sponsor and mentor." Smith concedes that the record supports this aggravating factor. Brief of Appellant at 40. A single aggravating factor will support both enhanced and consecutive sentences. *Reaves v. State*, 586 N.E.2d 847, 852 (Ind.1992). We find no error.

### CONCLUSION

We affirm Smith's convictions and sentences on counts I and IV. We reverse Smith's convictions and sentences on counts II, V, and VI. Accordingly, we remand to the trial court to vacate the erroneous convictions and sentences.

Affirmed in part, reversed in part, and remanded.

STATON and FRIEDLANDER, JJ., concur.

---

**4.** Because we reverse Smith's convictions for counts II, V, VI, we do not address Smith's

claims of ineffective assistance with regard to those counts.