**Ezell NEVILLE, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0305–CR–212.

Court of Appeals of Indiana.

Jan. 30, 2004.

Transfer Denied April 28, 2004.

Timothy J. O'Connor, O'Connor & Auersch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Ezell Neville appeals his conviction for aggravated battery,[1] a Class B felony. We reverse and remand.

### Issue

Neville presents one issue for our review, which we restate as whether the State presented sufficient evidence to support his conviction.

### Facts and Procedural History

On October 3, 2002, Neville and Joseph Quarles argued at the corner of 36th and Illinois Streets in Indianapolis. Quarles stated, "I don't have anything for you," and pedaled away on his bicycle. Neville

---

1. Indiana Code Section 35–42–2–1.5 provides: A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes: (1) serious permanent disfigurement; (2) protracted loss or impairment of the function of a bodily member or organ; or (3) the loss of a fetus; commits aggravated battery, a Class B felony.

pushed Quarles, pulled out a handgun, and shot him twice in the right leg. Quarles sustained a lateral condoyle fracture to his knee joint. Surgeons at the hospital removed bullet fragments from Quarles's knee and repaired the fracture with surgical screws. He was hospitalized for three days and was discharged on crutches with his right leg immobilized in a velcro-strapped flexible brace.[2] Quarles was given pain medication and instructed to follow up with the orthopaedic clinic after ten days. "Shortly after" the shooting, Indianapolis Police Department Detective David Wisneski interviewed Quarles at his home. Tr. at 82. Detective Wisneski noted that Quarles wore a velcro-strapped leg brace and was in pain. *Id.* at 83.

The State charged Neville with aggravated battery, a Class B felony, and carrying a handgun without a license[3] as a Class A misdemeanor. Quarles did not testify at trial. On February 13, 2003, a jury found Neville guilty as charged. On April 4, 2003, the trial court merged the convictions and entered judgment only on the aggravated battery conviction. Neville now appeals.

### Discussion and Decision

■■■ Neville challenges the sufficiency of the evidence supporting his conviction.

> Our standard of review when considering the sufficiency of evidence is well settled. We will not reweigh the evidence or consider the credibility of witnesses. Only the evidence most favorable to the verdict, together with all reasonable inferences that can be drawn therefrom will be considered.

*Wilson v. State,* 754 N.E.2d 950, 957 (Ind. Ct.App.2001) (citations omitted). An inference cannot be based on evidence which is uncertain or speculative or which raises merely a conjecture or possibility. *Vasquez v. State,* 741 N.E.2d 1214, 1216 (Ind. 2001). We will affirm a conviction only when each material element of the charge is supported by evidence in the record from which a rational trier of fact could have found guilt beyond a reasonable doubt. *Culbertson v. State,* 792 N.E.2d 573, 576 (Ind.Ct.App.2003).

The State alleged that Neville committed aggravated battery by knowingly inflicting an injury on Quarles that caused protracted loss or impairment of the function of a bodily member, i.e., his leg. *See* Ind.Code § 35–42–2–1.5. Neville contends that the State failed to present sufficient evidence that Quarles suffered protracted loss or impairment of the function of his leg. We agree.

Initially, we note that there is no statutory definition for the word "protracted," so we turn to our rules of statutory interpretation to determine and give effect to the intent of the legislature. *James v. State,* 755 N.E.2d 226, 230 (Ind.Ct.App. 2001), *trans. denied.* To do this, we consider the objectives and purposes of the statute in question and the consequences of the statute's interpretation. *Id.* "We look to the plain language of the statute and attribute the common, ordinary meaning to terms found in everyday speech." *Id.* Courts may consult English language dictionaries to determine the plain and ordinary meaning of a statutory term. *Id.* The dictionary defines protracted as: "to draw out or lengthen in time; prolong." THE AMERICAN HERITAGE DICTIONARY (3rd ed.1994).

In support of his claim that the State failed to prove the protracted loss or impairment of function element of aggravat-

---

**2.** The record does not support the State's contention that Quarles was released from the hospital with a leg cast.

**3.** Ind.Code § 35–47–2–1.

ed battery, Neville directs us to *Salone v. State*, 652 N.E.2d 552 (Ind.Ct.App.1995). In *Salone*, the defendant was convicted of two counts of aggravated battery and challenged the sufficiency of the evidence relating to the protracted impairment or disfigurement of the victims' hands. We found sufficient evidence of protracted loss or impairment of function where one of the victims testified that burns inflicted by the defendant rendered her unable to use her hand for fourteen to sixteen weeks. *Id.* at 559. Evidence of the second victim's injuries consisted of photographs of the victim's burned hand and the treating physician's testimony that failed to discuss either the disfigurement or the severity or duration of functional impairment caused by the victim's burns. *Id.* We concluded that this evidence was insufficient to sustain the State's burden of proof on the element of disfigurement. *Id.*

■ Here, the State established that Quarles was hospitalized for three days, experienced pain, and was discharged on crutches with his leg in a brace. The State offered Quarles's medical records into evidence, but his physicians did not document the severity of his injury or note whether he would experience protracted loss or impairment of the function of his leg. Detective Wisneski interviewed Quarles "shortly after" the shooting, but the exact date of their meeting is unknown. Quarles did not testify at trial, so the jury heard no evidence from the victim as to how long he used his crutches, wore his brace, experienced pain, or otherwise suffered loss or impairment of the function of his leg.

The State argues that the jurors could infer as a matter of common knowledge that the nature of Quarles's injury resulted in protracted loss or impairment of the function of his leg.[4] Appellee's Br. at 5–6. To be sure, "[w]e expect jurors to draw upon their own personal knowledge and experience in assessing credibility and deciding guilt or innocence." *Carter v. State*, 754 N.E.2d 877, 882 (Ind.2001). Here, however, the State offered no explanation of the term condoyle fracture or any evidence as to how long the injury would cause loss or impairment of the function of Quarles's leg. We conclude that the evidence was insufficient to establish this element of aggravated battery and therefore reverse Neville's conviction.

■ When a conviction is reversed because of insufficient evidence, we may remand for the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense. *See Cockrell v. State*, 743 N.E.2d 799, 808 (Ind.Ct.App. 2001). The lesser-included offense is factually included in the crime charged if the charging instrument alleged that the means used to commit the crime included all the elements of the alleged lesser-included offense. *Wright v. State*, 658 N.E.2d 563, 567 (Ind.1995).

■ In this case, the charging information alleged:

> Ezell Neville, on or about October 3, 2002, did knowingly inflict injury, that is: gunshot wound to the leg, on another person, namely: Joseph Quarles, that caused a protracted loss or impairment of the function of a bodily member or organ, that is: immobilization of the leg,

4. The State argues that it "was not remiss when it did not present expert testimony on the subject of Quarles['s] recovery." Appellee's Br. at 5. Neville does not suggest that expert testimony was required, and we need not decide that question here. We conclude only that the State presented no evidence of probative value that Quarles suffered loss or impairment of the function of his leg for longer than three days.

to Joseph Quarles, by shooting at and against Joseph Quarles with a deadly weapon, that is: handgun.

Appellant's App. at 22.

Indiana Code Section 35–42–2–1(a)(3) provides that a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner by means of a deadly weapon commits battery as a Class C felony. Accordingly, the means used to commit aggravated battery as alleged in the charging instrument included all the elements of battery as a Class C felony. Here, the State established that Neville knowingly shot Quarles in the leg with a handgun. This evidence is sufficient to prove that Neville committed battery as a Class C felony. Accordingly, we reverse Neville's aggravated battery conviction and remand with instructions to enter judgment for battery as a Class C felony and to resentence accordingly.

Reversed and remanded.

SULLIVAN, J., and ROBB, J., concur.