Scott A. CHATHAM, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 39A01–0512–CR–550.

Court of Appeals of Indiana.

April 11, 2006.

Jason J. Pattison, Jenner Auxier & Jacobs, Madison, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Robyn M. Williamson, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

SHARPNACK, Judge.

Scott A. Chatham appeals his conviction for sexual battery as a class D felony.[1] Chatham raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction. We reverse and remand.

The facts most favorable to the conviction follow. On June 7, 2005, Diana Kerns was taking a walk along Vaughn Drive in Madison, Indiana. Kerns saw Chatham while she was walking, but she did not know him. While she was walking, Chatham "came up behind [her] and grabbed up with [his] hand in between [her] thighs and [her] crotch as far as [he] could." Transcript at 13. Kerns turned around, and Chatham's face was "right in front of [her] face." *Id.* at 14. Kerns was scared and started walking away, and Chatham ran away.

The State charged Chatham with sexual battery as a class D felony. After a bench trial, the trial court found Chatham guilty as charged. The trial court sentenced Chatham to eighteen months in the Indiana Department of Correction.

■ The issue is whether the evidence is sufficient to sustain Chatham's conviction. When reviewing claims of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh'g denied.* Rather, we look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* We will affirm the conviction if there exists evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.*

---

1. Ind.Code § 35–42–4–8(a) (2004).

The offense of sexual battery as a class D felony is governed by Ind.Code § 35–42–4–8(a), which provides:

A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is:

(1) compelled to submit to the touching by force or the imminent threat of force; or

(2) so mentally disabled or deficient that consent to the touching cannot be given;

commits sexual battery, a Class D felony.

The State was required to prove that Chatham, with the intent to arouse or satisfy his own sexual desires or Kerns's sexual desires, touched Kerns when she was compelled to submit to the touching by force or the imminent threat of force. Chatham argues that the evidence is insufficient to show that he acted with the intent to arouse or satisfy his own sexual desires or Kerns's sexual desires or to show that Kerns was compelled to submit to the touching by force or the imminent threat of force.

A. *Acted with Intent to Arouse or Satisfy Sexual Desires.*

■ Chatham argues that the evidence is insufficient to show that he acted with the intent to arouse or satisfy his own sexual desires or Kerns's sexual desires. "A person's intent may be determined from their conduct and the natural consequences thereof and intent may be inferred from circumstantial evidence." *J.J.M. v. State*, 779 N.E.2d 602, 606 (Ind. Ct.App.2002). "Furthermore, the intent to gratify required by the statute must coincide with the conduct; it is the purpose or motivation for the conduct." *Id.*

We found sufficient evidence to show that a defendant acted with the intent to arouse or satisfy his own sexual desires in *J.J.M.* *Id.* There, the defendant, a high school student, was making comments and touching other females in his class. *Id.* "Specifically, J.J.M. was calling the females in his class 'skanks and ho's' and saying that he wanted them to 'get up and clap it for him,' which mean[t] shake their derrières." *Id.* J.J.M. then grabbed the victim's head, pulled it toward his crotch, and told her to "give him head." *Id.* J.J.M. then proceeded to another female in the class and began to touch her and make thrusting motions behind her chair. *Id.* We held that "[t]he natural and usual sequence of J.J.M.'s conduct is that he intended to satisfy his sexual desires by grabbing [the victim's] head and pulling it towards his crotch and forcibly holding it there." *Id.* "Additionally, J.J.M.'s surrounding actions and comments to other females in the classroom that day support the contention that he was satisfying his own sexual desires." *Id.*

■ Similarly, here, Chatham's intent may be inferred from his conduct and the natural consequences thereof. Chatham approached Kerns from behind and "grabbed up with [his] hand in between [her] thighs and [her] crotch as far as [he] could." Transcript at 13. This evidence is sufficient to demonstrate that Chatham was acting with the intent to arouse or satisfy his own sexual desires or Kerns's sexual desires. *See, e.g., J.J.M.*, 779 N.E.2d at 606.

B. *Compelled to Submit to Touching by Force.*

■ Although an element of the offense of sexual battery is that the victim was "compelled to submit to the touching by force or the imminent threat of force," the force need not be physical or violent, but may be implied from the circumstances. *Scott–Gordon v. State*, 579

N.E.2d 602, 604 (Ind.1991). Evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force. *Bailey v. State,* 764 N.E.2d 728, 730 (Ind.Ct.App.2002), *trans. denied.* However, "it is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined." *Tobias v. State,* 666 N.E.2d 68, 72 (Ind.1996). "This is a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question." *Id.* "The issue is thus whether the victim perceived the aggressor's force or imminent threat of force as compelling her compliance." *Id.*

In support of his argument regarding the sufficiency of the evidence to show that Kerns was compelled to submit to the touching by force or the imminent threat of force, Chatham relies upon *Scott–Gordon v. State,* 579 N.E.2d 602 (Ind.1991), and *Smith v. State,* 678 N.E.2d 1152 (Ind. Ct.App.1997), *reh'g denied, trans. denied.* In *Scott–Gordon,* the defendant was charged with sexual battery for grabbing an employee's buttocks, after which the employee punched the defendant in the eye. 579 N.E.2d at 604. The Indiana Supreme Court concluded that the employee's immediate reaction demonstrated that he did not voluntarily consent to the touching by the defendant, but the Court found no evidence to support the conclusion that the defendant compelled the employee to submit to the touching by force or imminent threat of force. *Id.* The Court noted that the defendant made no threats to the employee and that the employee was not afraid of the defendant. *Id.* Thus, the Court reversed the conviction, noting that there was no evidence that the employee was compelled to submit to the touching by force or threat of force. *Id.*

In *Smith,* the defendant was charged with sexual battery for unbuttoning the victim's pants and grabbing and fondling the victim's penis. 678 N.E.2d at 1155. The victim testified that he had no reason to be afraid of the defendant before the incident. *Id.* The victim also testified that he did not say anything to the defendant while he was fondling him because he "didn't know what to do." *Id.* This court held that "[a]lthough it is clear that [the victim] did not consent to the touching, evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force." *Id.* We concluded that "there is no evidence that [the victim] was compelled to submit to Smith's touching by force or the imminent threat of force." *Id.*

The State argues that *Scott–Gordon* and *Smith* are distinguishable because, unlike the victims in those cases, Kerns testified that she was afraid of Chatham and her "fear was sufficient to show that she felt forced to submit to being grabbed by [Chatham]." Appellee's Brief at 4. Further, the State argues that Kerns "never had an opportunity to grant or deny [Chatham] consent to touch her as she was approached off guard, from behind. Under the circumstances here, it is reasonable to conclude that [Chatham] compelled [Kerns] to submit to the touching by force." *Id.* at 3.

 We are constrained to disagree with the State. The fear experienced by the victim must precede the touching for the fear to indicate that the victim was compelled to submit to the touching by force or the imminent threat of force. *See, e.g., Bailey,* 764 N.E.2d at 730 (affirming the defendant's conviction for sexual battery where the victim had previously told

the defendant to leave her alone and she had reason to fear the defendant as a result of their prior interactions). Here, Kerns did not experience fear of Chatham until he had grabbed her. Kerns's fear following the incident does not indicate that she was compelled to submit to the touching by force or the imminent threat of force.

We agree that Kerns did not have the opportunity to grant or deny consent to the touching, but we cannot distinguish this situation from that in *Scott–Gordon* where the defendant also approached the victim from behind and grabbed him and the Indiana Supreme Court found no evidence that the victim was compelled to submit to the touching by force or the imminent threat of force. We are constrained to follow the Indiana Supreme Court's opinion in *Scott–Gordon* and hold that the evidence is insufficient to show that Chatham compelled Kerns to submit to the touching by force or imminent threat of force. *See, e.g., Scott–Gordon,* 579 N.E.2d at 604.

Chatham asks that we reverse his conviction for sexual battery and enter judgment on the lesser-included offense of battery as a class B misdemeanor. When a conviction is reversed because of insufficient evidence, we may remand for the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense. *Neville v. State,* 802 N.E.2d 516, 519 (Ind.Ct.App.2004), *trans. denied.* The lesser-included offense is factually included in the crime charged if the charging instrument alleged that the means used to commit the crime included all the elements of the alleged lesser-included offense. *Id.*

The offense of battery as a class B misdemeanor is governed by Ind.Code § 35–42–2–1(a), which provides: "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." The charging information provided that Chatham "did, with intent to arouse or satisfy his own sexual desires or the sexual desires of another person, touches [sic] another person, to-wit: Diana Kerns—by grabbing her in the crotch/buttock area, when that person is compelled to submit to the touching by force or the imminent threat of force ...." Appellant's Appendix at 5. The means used to commit sexual battery as alleged in the charging instrument included all the elements of battery as a class B misdemeanor. The State established that Chatham grabbed Kerns in the "crotch/buttock area." *Id.* This evidence is sufficient to prove that Chatham committed battery as a class B misdemeanor. Accordingly, we reverse Chatham's sexual battery conviction and remand with instructions to enter judgment for battery as a class B misdemeanor and to resentence him accordingly. *See, e.g., Neville,* 802 N.E.2d at 520 (reversing the defendant's conviction for aggravated battery and remanding with instructions to enter judgment for battery as a class C felony and to resentence accordingly).

For the foregoing reasons, we reverse Chatham's conviction for sexual battery as a class D felony and remand with instructions to enter judgment for battery as a class B misdemeanor.

Reversed and remanded.

RILEY, J. and BARNES, J. concur.