# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**STEPHEN P. MURPHY, JR.**
Law Offices of Stephen Murphy, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 07 2012, 9:24 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MITCHELL A. MCCARTER, )
                                  )
    Appellant-Defendant, )
                                  )
         vs. )         No. 26A04-1106-CR-409
                                  )
STATE OF INDIANA, )
                                  )
    Appellee-Plaintiff. )

APPEAL FROM THE GIBSON SUPERIOR COURT
The Honorable Earl G. Penrod, Judge
Cause No. 26D01-1004-FD-53

February 7, 2012

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Mitchell A. McCarter appeals his conviction for sexual battery, as a Class D felony, following a bench trial. McCarter presents a single issue for review, namely, whether the evidence is sufficient to support his conviction.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Between ten and ten-thirty on the evening of March 22, 2011, sixteen-year-old D.H. drove with her friend A. to Walmart in Princeton. When the girls attempted to leave the store, a loss prevention officer stopped them because A. possessed merchandise for which she had not paid. The loss prevention officer took A. to an office to discuss the matter, and D.H. sat on a bench near the front of the store.

While D.H. was waiting on the bench, McCarter approached and started a conversation with her. D.H. testified that McCarter identified himself as a police officer. In fact, McCarter was not a law enforcement officer but was an employee of a Walmart distribution center and a former employee of the Princeton store. McCarter told D.H. he could keep her out of trouble and then asked her to talk further with him outside the store. Once outside, McCarter again said he could keep D.H. out of trouble. He also asked her what kind of guys she liked and where she worked or went to school.

When they reached D.H.'s vehicle, McCarter stood between D.H. and her car door. McCarter asked D.H. if she wanted to sit and talk in her car, but she said no. He then invited her to sit in his truck, but D.H. declined because she felt uncomfortable accepting that invitation from someone she did not know. McCarter asked for a hug for

2

helping her out, and D.H. obliged. McCarter then asked D.H. if she wanted to walk around outside of the store. D.H. agreed, thinking that "if anything did happen somebody could hear." Transcript at 32.

McCarter and D.H. walked around to the dimly lit area behind the store, where there was a picnic table. McCarter asked for a kiss, but D.H. refused. Next McCarter asked for a kiss on the cheek, and D.H. obliged. McCarter then "grabbed [her] closer and tried to kiss [her]" and "put his hands on [her] and like pushed [her] butt[.]" Transcript at 35. D.H. told McCarter to "get off" of her. Id. McCarter released D.H. and walked away. As he left, he seemed angry and yelled that D.H. would be getting a letter in the mail.

The State charged McCarter with sexual battery, as a Class D felony, and impersonation of a public servant, a Class D felony. The trial court found him guilty of sexual battery and not guilty of the second charge. The court sentenced McCarter to 540 days in jail, suspended, and two months of electronically monitored home detention. The court also ordered him to register as a sexual offender. McCarter now appeals.

**DISCUSSION AND DECISION**

McCarter contends that the State failed to present sufficient evidence to prove that he committed sexual battery, as a Class D felony. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the

3

defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside.

To prove sexual battery, as a Class D felony, the State was required to show beyond a reasonable doubt that McCarter, with intent to arouse or satisfy his own sexual desires or the sexual desires of D.H., touched D.H. when she was compelled to submit to the touching by force or the imminent threat of force. See Ind. Code § 35-42-4-8(a)(1). Although not clearly stated, all of McCarter's arguments on appeal appear to assert that the State failed to prove compulsion by the use of force or threat of force.[1] In particular, he contends that force was not proved because D.H. was never afraid, that McCarter had not made and D.H. had not rejected any prior advances, and that McCarter used deceit but not force in his interaction with D.H. Thus, we consider the evidence necessary to prove force or threat of force for a Class D felony sexual battery conviction.[2]

"[I]t is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be determined. This is a subjective test that looks to the victim's perception of the circumstances surrounding the incident in question." Tobias v. State, 666 N.E.2d 68, 72 (Ind. 1996), trans. denied. And force "may be implied

---

[1] An appellant's argument must "contain the contentions of the appellant on the issue presented, supported by cogent reasoning . . . supported by citations to authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." Ind. Appellate Rule 46(A)(8)(a). McCarter briefly set out the law on sexual battery in a single paragraph discussing three cases, and his subsequent "Application of Law to Facts of This Case" is completely devoid of any citation to law and contains only a single citation to the record. Although we proceed to consider the merits of McCarter's contentions, we could have held that they were waived, and we remind counsel to comply with the appellate rules in the future.

[2] In setting out the law on sexual battery, McCarter cites Ball v. State, 945 N.E.2d 252 (Ind. Ct. App. 2011), trans. denied, as holding that "undesired kissing is insufficient to sustain a conviction for sexual battery under IC 35-42-4-8(a)." Appellant's Brief at 8. McCarter misstates the holding of that case. In Ball, the State failed to prove an element not at issue in the present case, namely, that the victim was mentally disabled. Ball is inapposite.

from the circumstances." Bailey v. State, 764 N.E.2d 728, 731 (Ind. Ct. App. 2002), trans. denied.

McCarter contends that the State did not prove compulsion by force or imminent threat of force because there was no evidence that D.H. was in fear. In support, he relies on Chatham v. State, 845 N.E.2d 203 (Ind. Ct. App. 2006). There, Chatham " 'came up behind [the victim] and grabbed up with [his] hand in between [her] thighs and [her] crotch as far as [he] could.' " Id. at 206 (some alterations in original). The court reversed Chatham's conviction for sexual battery on the ground that the State had not demonstrated force or imminent threat of force.[3] The court noted that the victim had not "experience[d] fear of Chatham until he had grabbed her" and that her "fear following the incident [did] not indicate that she was compelled to submit to the touching by force or the imminent threat of force." Id. at 208.

McCarter is correct that D.H. did not testify that she feared McCarter. But fear is not an element of sexual battery. Ind. Code § 35-42-4-8(a)(1). Nor is fear a prerequisite to proving force or imminent threat of force. Id. However, it may be evidence of force or threat of force. See Chatham, 845 N.E.2d at 208 (where victim's fear arose after the battery, evidence did not indicate she was compelled by force or threat of force to submit to battery). Again, force "may be implied from the circumstances," Bailey, 764 N.E.2d at 731, and we must consider the victim's perspective in order to determine the presence or absence of forceful compulsion. Tobias, 666 N.E.2d at 72. Thus, the issue here is whether D.H. perceived that she was compelled to submit to the groping of her buttocks

---

[3] The State misstates the holding in Chatham to be that there was no evidence of intent because the victim was not fearful prior to the battery. As discussed below, evidence of fear goes to the element of force or threat of force, not to the element of intent. See Chatham, 845 N.E.2d at 207-08.

through force or threat of force. We cannot say that the State proved that element in this case.

Evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force. Smith v. State, 678 N.E.2d 1152, 1155 (Ind. Ct. App. 1997) (citing Scott-Gordon v. State, 579 N.E.2d 602, 604 (Ind. 1991)), trans. denied. Not all touchings intended to arouse or satisfy sexual desires constitute sexual battery; only those in which the person touched is compelled to submit by force or imminent threat of force violate Indiana Code § 35-42-4-8. Id. (citing Scott-Gordon, 579 N.E.2d at 604).

Smith is instructive on the issue before us. There, Smith, a teacher and Future Farmers of America advisor, was driving three teens home from a livestock judging competition. After Smith had dropped off one of the teens, he reached into the back seat where another teen was sleeping, unzipped the teen's pants, and fondled him. When Smith removed his hand, the teen rolled over on the seat. This court reversed the conviction for sexual battery, holding that the State had not proved the compulsion by force or threat of force. "[E]vidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force." Id. at 1155.

The facts in the present case are analogous to those in Smith. Here, D.H. did not voluntarily submit to the touching. And McCarter withdrew his hands after D.H. told him to "get off of [her.]" Transcript at 35. But while the touching may have occurred with some force, the evidence does not show that D.H. was compelled to submit to it by

6

force or threat of force.  See Smith, 678 N.E.2d at 1155.  Therefore, we conclude that the State did not prove the element of compulsion by force or threat of force.

Nevertheless, the State argues that the evidence is sufficient to show compulsion by force or threat of force.  In support, the State contends that a single advance is sufficient to convict a defendant of sexual battery, citing Ingram v. State, 718 N.E.2d 379 (Ind. 1999).  But in Ingram, threat of force was shown because the defendant had claimed that he was carrying a gun when he forced the victim to perform sex acts.  In that case clear evidence shows the threat of force.  Because the threat of force was clearly used to compel the victim's submission, there is no showing that Ingram made "advances" that arguably could have been refused.  Ingram does not stand for the proposition that a single advance is sufficient to support a sexual battery conviction.

Criminal statutes are to be strictly construed against the State.  Mask v. State, 829 N.E.2d 932, 936 (Ind. 2005).  And the appellate court assumes that the language in a statute is used intentionally and that every word should be given effect and meaning.  Merritt v. State, 829 N.E.2d 472, 475 (Ind. 2005).  Here, the sexual battery statute prohibits touching where the victim is compelled to submit to it by force or threat of force.  Ind. Code § 35-42-4-8(a)(1).  Although lack of consent is not necessary for a conviction, neither is it in itself sufficient to support a conviction for sexual battery.  To affirm the conviction in this case, we would have to read the compulsion element out of the statute, which we cannot do.  See Merritt, 829 N.E.2d at 475.  The evidence does not support McCarter's conviction for sexual battery.

Because we conclude that the State did not prove an essential element of the offense of sexual battery, we must reverse the conviction. When a conviction is reversed because of insufficient evidence, we may remand for the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense. Chatham, 845 N.E.2d at 208 (citing Neville v. State, 802 N.E.2d 516, 519 (Ind. Ct. App. 2004), trans. denied). The lesser-included offense is factually included in the crime charged if the charging instrument alleged that the means used to commit the crime included all the elements of the alleged lesser-included offense. Id.

The offense of battery as a class B misdemeanor is governed by Indiana Code Section 35-42-2-1(a). That statute provides that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." Ind. Code § 35-42-2-1(a). The charging information provided that on March 22, 2010, McCarter, "did . . . with the intent to arouse or satisfy his own sexual desires, touch another person, to-wit: [D.H.], when said victim was compelled to submit to said touching by force or the imminent threat of force." Appellant's Appendix at 56. The means used to commit sexual battery as alleged in the charging instrument included all the elements of battery as a class B misdemeanor. The State established that McCarter grabbed D.H.'s buttocks. This evidence is sufficient to prove that McCarter committed battery as a class B misdemeanor. Accordingly, we reverse McCarter's sexual battery conviction and remand with instructions to enter judgment for battery as a class B misdemeanor and to resentence him accordingly. See id. (citation omitted).

8

For the foregoing reasons, we reverse McCarter's conviction for sexual battery as a class D felony and remand with instructions to enter judgment for battery as a class B misdemeanor.

Reversed and remanded with instructions.

ROBB, C.J., and VAIDIK, J., concur.