## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 23 2015, 9:06 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Bart M. Betteau
Betteau Law Office, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Underwood,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 23, 2015

Court of Appeals Case No. 10A04-1405-CR-234

Appeal from the Clark Circuit Court

The Honorable Joseph P. Weber, Judge

Case No. 10C03-1402-FD-248

**Crone, Judge.**

## Case Summary

[1] Christopher Underwood appeals his conviction for class D felony sexual battery, following a jury trial. We restate and address three issues on appeal:

(1) whether the trial court abused its discretion when it refused Underwood's proffered jury instruction regarding the presumption of innocence; (2) whether the trial court abused its discretion in limiting the scope of cross-examination; and, (3) whether the State presented sufficient evidence of forceful compulsion to support a sexual battery conviction. Finding no abuse of discretion but that the evidence was insufficient, we reverse and remand.

## Facts and Procedural History

[2] The facts favorable to the verdict indicate that on January 30, 2014, Underwood and L.S., a female, were both inmates of the Clark County Jail. Underwood, another male inmate, and L.S. were being transported from the courtroom back to the jail by one guard. All three inmates' wrists and feet were shackled. L.S. alleged that first, when the inmates were on the elevator, Underwood was standing behind her and touched her buttocks. L.S. alleged that subsequently, when the inmates were walking down the hallway, Underwood again touched her buttocks. L.S. alleged that then, when the inmates were in the courthouse garage area and the guard had his back turned, Underwood touched her buttocks a third time. She alleged that he grabbed underneath her buttocks quite hard. L.S. complained to the transport officer that Underwood had touched her. Video surveillance of the garage area shows Underwood approaching L.S. from behind with his hands down by her buttocks and then L.S. quickly jerking away from him after apparently being touched.

[3] The State charged Underwood with three counts of class D felony sexual battery based upon the three separate incidents alleged by L.S. Each count alleged that Underwood, with the intent to arouse or satisfy his own sexual desires, touched L.S. when she was compelled to submit to the touching by force or the imminent threat of force. A jury trial was held on April 24, 2014. At the conclusion of the State's evidence, Underwood moved for a directed verdict arguing that the State had presented no evidence that L.S. had been compelled to submit to any of the alleged touchings by force or the imminent threat of force as required by Indiana Code Section 35-42-4-8(a)(1)(A). The trial court denied the motion and Underwood proceeded to present evidence. At the close of the evidence, the trial court instructed the jury regarding the elements of sexual battery as well as the elements of the lesser-included offense of battery. The jury found Underwood not guilty of sexual battery or battery regarding the first two counts, but guilty of one count of class D felony sexual battery regarding the incident in the garage area. This appeal ensued.

## Discussion and Decision

## Section 1 – The jury was adequately instructed regarding the presumption of innocence.

[4] We first address Underwood's assertion that the trial court abused its discretion when it refused his proffered jury instruction regarding the presumption of innocence. The trial court has broad discretion in instructing the jury, and we review that discretion only for abuse. *Kane v. State*, 976 N.E.2d 1228, 1231 (Ind. 2012). To determine whether the court properly refused a proffered

instruction, we consider: (1) whether the proffered instruction correctly states the law; (2) whether there was evidence presented at trial to support giving the instruction; and (3) whether the substance of the instruction was covered by other instructions that were given. *Id.* (citing *Mayes v. State*, 744 N.E.2d 390, 394 (Ind. 2001)). "We consider the instructions 'as a whole and in reference to each other' and do not reverse the trial court 'for an abuse of discretion unless the instructions as a whole mislead the jury as to the law in the case.'" *Helsley v. State*, 809 N.E.2d 292, 303 (Ind. 2004) (quoting *Carter v. State*, 766 N.E.2d 377, 382 (Ind. 2002)).

[5] Underwood relied on *Robey v. State*, 454 N.E.2d 1221 (Ind. 1983), and *Lee v. State*, 964 N.E.2d 859, 864 (Ind. Ct. App. 2014), *trans. denied* (2012) as authority for his proposed instruction that included language stating that the presumption of innocence "continues in favor of the accused throughout the trial" and that the jury "should attempt to fit the evidence to the presumption that the [a]ccused is innocent." Appellant's App. at 111. In *McCowan v. State*, No. 64S03-1408-CR-516 (Ind. Mar. 25, 2015), our supreme court recently noted that *Robey* (and the precedent that followed) enunciated a seemingly bright line rule requiring, upon request, a jury instruction with the abovementioned language, but then applied a flexible standard merely requiring the jury instructions as a whole to discuss the same principles. Slip op. at 7-8, 11. The *McCowan* court unequivocally and prospectively resolved this conflicting ruling in *Robey* and held that "it is the absolute right of every criminal defendant to receive the following jury instruction upon request: 'The presumption of innocence

continues in favor of the defendant throughout the trial. You should fit the evidence to the presumption that the defendant is innocent if you can reasonably do so.'" *Id*. at 1-2.[1]

Because this unequivocal rule is to be applied prospectively, and given the ambiguity in the law at the time of Underwood's trial, we review the trial court's refusal of his requested instruction pursuant to the more general standard enunciated in *Robey* and consider whether, taken as a whole, "[the jury instructions] 'adequately directed the jury to receive and evaluate the trial evidence while in the posture of presuming the defendant innocent and demanding of the State that it produce strong and persuasive evidence of guilt wholly at odds with innocence.'" *Id*. at 11 (quoting *Robey*, 454 N.E.2d at 1222). Our review of the jury instructions here reveals that the jury was adequately instructed regarding these principles. Accordingly, we cannot say that the trial court abused its discretion when it refused Underwood's proffered instruction.

## Section 2 – The trial court did not abuse its discretion in limiting the scope of cross-examination.

Next, we briefly address Underwood's contention that the trial court abused its discretion in limiting his cross-examination of L.S. Specifically, Underwood asserts that he was prevented from sufficiently cross-examining L.S. regarding

---

[1] The *McCowan* court stated, "If the defendant adds to or varies this language in his request, inclusion of that variation remains within the discretion of the trial court, under the traditional three-prong analysis established by our jurisprudence." *Id*. at 9 (footnote and citation omitted).

her pending criminal charges or her alleged bias caused by her financial status. The scope and extent of cross-examination is within the discretion of the trial court, and we will reverse only upon a finding of an abuse of discretion. *Manuel v. State*, 971 N.E.2d 1262, 1266 (Ind. Ct. App. 2012). "Trial judges retain wide latitude to impose reasonable limits on the right to cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Washington v. State*, 840 N.E.2d 873, 886 (Ind. Ct. App. 2006), *trans. denied*.

[8] Despite his assertions to the contrary, our review of the record indicates that Underwood was sufficiently permitted to attack L.S.'s credibility with evidence of her pending charges as well as explore relevant aspects of L.S.'s alleged bias such that his opportunity for effective cross-examination was not infringed upon. *See id.* (we will reverse trial court's decision to limit scope of cross-examination only when court's restriction substantially affects defendant's rights). Thus, we cannot say that the trial court abused its discretion. Moreover, we conclude that if error did occur, any such error was harmless. *See Koenig v. State*, 933 N.E.2d 1271, 1273 (Ind. 2010) (violation of right to cross-examination does not require reversal if State can show beyond a reasonable doubt that error did not contribute to verdict). In light of the video evidence viewed by the jury (and by this Court) which corroborates L.S.'s testimony that Underwood touched her, and the extent of cross-examination

that was permitted, we can say with confidence that the trial court's limitation on cross-examination did not contribute to the verdict.

## Section 3 – The State did not prove forceful compulsion beyond a reasonable doubt.

[9]     Underwood challenges the sufficiency of the evidence to support his conviction. Specifically, he contends that the State did not prove that L.S. was compelled to submit to his touching by force or the imminent threat of force as required for sexual battery.[2]   When reviewing the sufficiency of the evidence to support a conviction, we examine only the probative evidence and reasonable inferences that support the verdict. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014). We do not assess witness credibility or reweigh evidence. *Id*. Rather, we consider only the evidence most favorable to the verdict and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). The evidence will be deemed sufficient if an inference may reasonably be drawn from it to support the conviction. *Id*.

---

[2]  Underwood also contends that the trial court erred in denying his motion for a directed verdict. However, Underwood called witnesses and presented evidence after the denial of his motion, and "'one who elects to present evidence after a denial of his motion for directed verdict made at the end of the State's case waives appellate review of the denial of that motion.'" *Cox v. State*, 19 N.E.3d 287, 290-91 (Ind. Ct. App. 2014) (quoting *Snow v. State*, 560 N.E.2d 69, 74 (Ind. Ct. App. 1990)).

[10] To prove that Underwood committed class D felony sexual battery, the State was required to prove that Underwood, acting with intent to arouse or satisfy his own sexual desires, touched L.S. when she was compelled to submit to the touching by force or the imminent threat of force. Ind. Code § 35-42-4-8(a)(1)(A). Evidence that a victim did not voluntarily consent to a touching does not, in itself, support the conclusion that the defendant compelled the victim to submit to the touching by force or threat of force. *Frazier v. State*, 988 N.E.2d 1257, 1261 (Ind. Ct. App. 2013). "In fact, not all touchings intended to arouse or satisfy sexual desires constitute sexual battery; rather, only those in which the person touched is compelled to submit by force or the imminent threat of force violate Indiana Code § 35-42-4-8." *Bailey v. State*, 764 N.E.2d 728 (Ind. Ct. App. 2002), *trans. denied*. The force need not be physical or violent, but "may be implied from the circumstances." *Chatham v. State*, 845 N.E.2d 203, 206 (Ind. Ct. App. 2006). The presence or absence of forceful compulsion is to be viewed from the victim's perspective, not the assailant's. *Frazier*, 988 N.E.2d at 1261. Our supreme court has explained that this is a subjective test and the issue is "whether the victim perceived the aggressor's force or imminent threat of force as compelling her compliance." *Tobias v. State*, 666 N.E.2d 68, 72 (Ind. 1996).

[11] Underwood contends that the State did not prove forceful compulsion beyond a reasonable doubt. We agree. The evidence most favorable to the veridict indicates that, while L.S. and Underwood were in the garage area of the courthouse, Underwood approached L.S. from behind and touched her

buttocks. There is insufficient evidence, however, that in doing so, Underwood committed any act of force or threat of force to compel L.S. to submit to the touching. Although L.S. testified that she was scared of Underwood because he had already touched her twice earlier,[3] there is no evidence that L.S. was even aware that Underwood was approaching her from behind before this touching occurred, let alone that she was somehow compelled by force or the imminent threat of force by him to submit to the touching. Indeed, L.S. admitted on cross-examination that Underwood did not use any force to compel her to submit to the touching and that the touch was a "surprise" to her. Tr. at 330. The evidence establishes that the touch was rude and unwanted, yes, but compelled by force, no.

[12] We are unpersuaded by the State's argument that the jury could reasonably infer that L.S. was compelled to submit to the touching, not based upon any act of force or threat of force by Underwood, but due to the force imposed by the "broader circumstances" of her incarceration and the fact that she was restrained by shackles and unable to avoid the touch. Appellee's Br. at 11. As our supreme court has specifically stated, it is the "aggressor's force or imminent threat of force" that must compel the victim to submit to a touching, not some extraneous force that is wholly outside the control of the aggressor as

---

[3] The only evidence that Underwood had earlier touched L.S. came from L.S.'s testimony. Two defense witnesses who watched surveillance video of L.S. and Underwood in the elevator and the hallway testified that Underwood did not touch L.S. on either of those occasions. The jury found Underwood not guilty of sexual battery or the lesser-included offense of battery relating to those two alleged incidents.

argued by the State here. *Tobias*, 666 N.E.2d at 72. Based upon the evidence presented, we conclude that no reasonable factfinder could find the elements of sexual battery proven beyond a reasonable doubt. Therefore, we reverse Underwood's sexual battery conviction.

[13] "When a conviction is reversed because of insufficient evidence, we may remand to the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense." *Chatham*, 845 N.E.2d at 208. A lesser-included offense is factually included in the charged crime if the charging instrument alleged that the means used to commit the crime included all the elements of the alleged lesser-included offense. *Id.*

[14] A person commits class B misdemeanor battery if he knowingly or intentionally touches another person in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1(b)(1). The amended charging information provided that on January 30, 2014, Underwood "did, with intent to arouse or satisfy his own sexual desires, touch L.S. when she was compelled to submit to the touching by force or the imminent threat of force, to wit: in the garage at the jail book-in door of the Clark County Courthouse while being transported to the jail after a court hearing." Appellant's App. at 29. The means used to commit sexual battery as alleged in the charging instrument included all the elements of class B misdemeanor battery. There was sufficient evidence to establish that Underwood knowingly or intentionally touched L.S.'s buttocks in a rude, insolent, or angry manner. Thus, we reverse and remand with instructions for

the trial court to enter judgment of conviction for class B misdemeanor battery and to resentence Underwood accordingly.

[15] Reversed and remanded.

Brown, J., and Pyle, J., concur.