## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron Cannon, | January 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A04-1506-CR-615 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Christina R. Klineman, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 49G17-1503-F6-7120 |

**Crone, Judge.**

# Case Summary

[1] Following a bench trial, Aaron Cannon appeals his conviction for domestic battery, a level 6 felony. The sole issue presented for our review is whether the State presented sufficient evidence to support his conviction. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the conviction indicate that Stephanie Ludy is the mother of two girls: E.C., age eleven, and U.L., age six. Cannon is the father of E.C. The girls resided with their mother. On February 28, 2015, Ludy and Cannon made arrangements for the girls to be dropped off at Cannon's apartment at 1:00 p.m. to spend time with him for his birthday. En route, Ludy stopped to get groceries, a birthday present, a balloon, and sandwiches for the girls. Around 4:00 p.m., Cannon texted Ludy and was upset, believing that she was cutting into his time with the girls.

[3] Upon arriving at Cannon's apartment, Ludy acknowledged that she was late as she carried the groceries into the apartment. Cannon carried the girls' overnight bags into the bedroom. Ludy felt that Cannon had been drinking, as he became belligerent. She did not feel comfortable leaving the girls with Cannon and suggested that she take the girls and bring them back the next day. Cannon responded, "[G]et the f[*]ck out of my house," and sat on an ottoman next to U.L. Tr. at 12. Cannon listened to U.L. talk about school. Ludy stood

about eighteen inches away from Cannon and continued to insist to take the girls.

[4] Approximately ten minutes later, Ludy told E.C. to grab her things from the bedroom and told U.L. to put her coat on. From his seat, Cannon grabbed U.L. with one hand, causing a small scratch on her side, and simultaneously hit Ludy in her chest with his fist, which was "hard enough to knock the wind out of [her]." *Id*. at 21. U.L. saw her mother cry after Cannon hit her and also begin to cry. Ludy took the groceries and said, "I'm calling the police, you do not put your hands on me," and took the girls outside Cannon's apartment. *Id.* at 22. Ludy called the police and waited in the car with the girls until they arrived.

[5] The State charged Cannon with three level 6 felonies: domestic battery (Count I), battery in the presence of a child (Count II), and battery on a person less than fourteen (Count III), and three class A misdemeanors: domestic battery (Count IV) and battery resulting in bodily injury (Counts V and VI). After a bench trial, Cannon was acquitted of Counts III and VI and convicted of Counts I, II, IV, and V. The trial court merged the last three counts with Count I.

## Discussion and Decision

[6] Cannon challenges the sufficiency of the evidence to support his conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind.

2015). We look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id*. If the testimony believed by the trier of fact is enough to support the verdict, then we will not disturb the conviction. *Id*. at 500.

[7] To prove that Cannon committed domestic battery, the State was required to show that he knowingly or intentionally touched an individual with whom he has a child in common in a rude, insolent, or angry manner resulting in bodily injury. Ind. Code § 35-42-2-1.3(a)(3). It is a level 6 felony if the person commits the battery in the presence of a child less than sixteen years of age, knowing that the child is present and may be able to hear or see the offense. Ind. Code § 35-42-2-1.3(b)(2).

[8] Cannon claims that the State failed to prove that he knowingly touched Ludy in a rude, insolent, or angry manner. He argues that the touching was accidental. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). Intent may be determined from a person's conduct and the natural consequences thereof, and intent may be inferred from the circumstantial evidence. *Chatham v. State*, 845 N.E.2d 203, 206 (Ind. Ct. App. 2006).

[9] Cannon was seated on an ottoman eighteen inches from Ludy when he hit her in her chest "hard enough to knock the wind out of [her]." Tr. at 21. U.L. testified that she saw Cannon hit her mother with his fist. *Id.* at 30. E.C.

testified to hearing her mother say, "Aaron you hit me," but did not see what happened because she was gathering her things from the bedroom. *Id.* at 41.

[10] This evidence favorable to the verdict was sufficient to prove that Cannon knowingly struck Ludy in the chest in a rude, insolent, or angry manner. We decline Cannon's improper invitation to reweigh the evidence and reassess the witness credibility in his favor. We affirm Cannon's conviction.

[11] Affirmed.

Vaidik C.J., and Bailey, J., concur.