## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2018, 8:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Johnathon Dalton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 5, 2018

Court of Appeals Case No.
18A-CR-1268

Appeal from the Clinton Superior Court

The Honorable Justin H. Hunter, Judge

Trial Court Cause No.
12D01-1604-F6-369

**May, Judge.**

Johnathon Dalton appeals his conviction of Level 6 felony intimidation.[1]  He asserts the State did not present sufficient evidence he held a gun to the victim's head and intimidated the victim into giving him a watch.  We affirm.

# Facts and Procedural History[2]

In late 2015 or early 2016, Dalton borrowed $500 from Bradley Wratten ("Bradley"), and he provided a watch and some neon signs as collateral.  When Dalton heard Bradley had sold the signs, Dalton was upset and wanted to retrieve his watch.

On April 18, 2016, Dalton, Kristan Weiss ("Weiss"), Eugene Lucas ("Eugene"), and Christopher Lucas ("Christopher") were riding together in Weiss' truck.  Weiss and Eugene were remodeling a vehicle and stopped at Bradley's store to check on some parts.  Bradley went out to Weiss' truck to talk to Dalton.  The men argued heatedly, with both using obscenities.  When Bradley saw Dalton reach behind himself, Bradley turned to walk away.  He then felt something cold pressed to the back of his neck.  Bradley testified that

---

[1] Ind. Code § 35-45-2-1 (2014).

[2] We remind counsel for Appellant that a Statement of Facts in an appellate brief is to be presented "in accordance with the standard of review appropriate to the judgment or order being appealed."  Ind. Appellate Rule 46(A)(6)(b).  Counsel asks us to review the sufficiency of the evidence supporting the judgment, which requires we consider only those facts and inferences most favorable to the judgment, without reviewing the evidence or reassessing the credibility of the witnesses.  *See Chatham v. State*, 845 N.E.2d 203, 205 (Ind. Ct. App. 2006) (setting forth the standard of review for sufficiency of evidence appeals).  Dalton's Statement of Facts, by contrast, includes facts only favorable to Dalton and facts with no apparent relevance to the issues presented on appeal.  *See, e.g., Vaillancourt v. State*, 695 N.E.2d 606, 608 n.2 (Ind. Ct. App. 1998) (addressing merits despite counsel's failure to give appropriate statement of facts), *trans. denied*.

although he did not see what was pressed to the back of his neck, he was "scared for [his] life[.]" (Tr. at 126.) He could not remember exactly what Dalton said but testified Dalton "was making things crystal clear this or else . . . either go [get the watch] or else." (*Id.*)

[4] At that same time, Bradley's son, Jonathon Wratten ("Jonathon"), was walking around the business property. When he was "fifteen probably twenty five feet from the truck directly in front of it to the side of the passenger door[,]" (*id.* at 112), he saw what "looked like a black Glock stuck to the side of [his] dad's head." (*Id.* at 113.) Dalton was behind Bradley at the time. Jonathon heard Dalton mention the watch. In an effort to "de-escalate the situation[,]" (*id.* at 114), Jonathon offered to retrieve the watch. Bradley followed Jonathon inside. Bradley called the police while Jonathon drove home to retrieve the watch.

[5] Eugene, who was sitting in the passenger seat of Weiss' truck, had seen the men arguing but did not pay attention to it. He saw something dark in Dalton's hand but was unable to identify it. Christopher was in the back seat of the truck but had been sleeping. He woke when the men were arguing but "closed [his] eyes again because it was none of [his] business." (*Id.* at 105.) Dalton returned to the back seat of the truck.

[6] While everyone waited for Weiss to return to the truck, the police arrived at the scene. Dalton told them they were going to find a gun under the seat of the truck. They found what "[a]t first glance [] appeared to be a real semi automatic handgun[,]" (*id.* at 138), but was later revealed to be a BB gun

"underneath the seat[,] the back seat driver side." (*Id*.) The police arrested Dalton.

The State charged Dalton with Level 6 felony intimidation. On December 12, 2017, the trial court held a jury trial. The jury found Dalton guilty. The trial court entered the conviction and sentenced Dalton accordingly.

# Discussion and Decision

When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

To prove Dalton intimidated Bradley, the State had to prove Dalton "communicate[d] a threat to commit a forcible felony, to-wit: held a BB Gun that appeared to be a pistol to Bradley Wratten's head, with the intent that said

Bradley Wratten engage in conduct against the will of said other person, to-wit: get him a watch[.]  (App. Vol. II at 13.)  *See also* Ind. Code §§ 35-45-2-1(a)(1) & (b)(1)(A) (2014) (elements of intimidation).

[10]  Dalton contends the State did not present sufficient evidence he used a firearm to intimidate Bradley; therefore, no threat was communicated to satisfy that element of intimidation.  "Threat" is defined as

> an expression, by words or action, of an intention to:
>
> (1) unlawfully injure the person threatened or another person, or damage property;
>
> (2) unlawfully subject a person to physical confinement or restraint;
>
> (3) commit a crime;
>
> (4) unlawfully withhold official action, or cause such withholding;
>
> (5) unlawfully withhold testimony or information with respect to another person's legal claim or defense, except for a reasonable claim for witness fees or expenses;
>
> (6) expose the person threatened to hatred, contempt, disgrace, or ridicule;
>
> (7) falsely harm the credit or business reputation of the person threatened; or

> (8) cause the evacuation of a dwelling, a building, another structure, or a vehicle.

Ind. Code § 35-45-2-1(d).

[11] Dalton argues only Jonathon saw a gun and "no witness ever testified that a threat was 'communicated' to Bradley Wratten from Dalton." (Br. of Appellant at 15.) Dalton likens his case to *Gaddis v. State*, 680 N.E.2d 860 (Ind. Ct. App. 1997). In that case, Gaddis displayed his lawfully possessed firearm during a road-rage situation by taking it out of the glove box, flashing it at the other motorist, and then placing it on the console. *Id*. at 861. A panel of this court held that simply displaying a weapon is not sufficient to communicate a threat to another person. *Id*. at 862.

[12] Here, the State presented evidence Eugene saw an object of "dark color" in Dalton's hand when Dalton was outside arguing with Bradley. (Tr. at 92.) Bradley testified he felt something cold pressed against the back side of his neck. When asked about the specifics of where the gun was placed on his neck, Bradley stated, "To tell you the truth I don't know if it was up, down, lower. All I know is I about shit my pants." (*Id*. at 125.) Bradley testified he did not remember exactly what Dalton said but the "nature" of what Dalton said was that he "was making things crystal clear this or else . . . either go [get the watch] or else." (*Id*.) As Jonathon was walking around the business, he saw Dalton holding "the gun[,] it looked like a black Glock[,] stuck to the side of [his] dad's head." (*Id*. at 114.)

[13] Dalton did not simply display a firearm as in *Gaddis*. Dalton and Bradley were in a heated argument. Both were yelling obscenities at the other. Bradley turned to leave when he saw Dalton reach behind himself. Dalton then held what appeared to be a real gun to the back of Bradley's neck and told Bradley to get the watch "or else." (*Id*. at 125.)

[14] In *Johnson v. State*, 743 N.E.2d 755 (Ind. 2001), our Indiana Supreme Court addressed the implications of "introducing a handgun into an emotionally charged environment[.]" *Id*. at 756. Johnson and the victim had an argumentative verbal exchange followed by Johnson pulling up his shirt to display a firearm and saying, "Don't even think it." *Id*. Unequivocally, the Court stated that when the "record shows the existence of words or conduct that are reasonably likely to incite confrontation, coupled with the display of a firearm, we are hard pressed to say that such facts are insufficient to prove that a threat has been communicated within the meaning of the intimidation statute." *Id*. at 756-57.

[15] The heated argument between Dalton and Bradley, together with the presentation of the firearm and the statements to retrieve the watch "or else[,]" (Tr. at 125), communicates a threat based on our Indiana Supreme Court's holding in *Johnson*. Dalton's actions accompanied by his words conveyed a threat of a forcible felony to Bradley if Bradley did not retrieve Dalton's watch. Dalton's arguments to the contrary are unavailing. Dalton's assertions that, because only Jonathon testified to seeing the gun, the State did not prove he had produced a gun are an invitation for us to reweigh the evidence, which we

cannot do.  *See McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005) (appellate court does not reweigh evidence or judge the credibility of witnesses).

# Conclusion

[16]  The State presented sufficient evidence Dalton communicated a threat that he would shoot Bradley if Bradley did not retrieve Dalton's watch.  Accordingly, we affirm.

[17]  Affirmed.

Baker, J., and Robb, J., concur.