**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ROBIN SHANNON,                          )
                                        )
    Appellant-Defendant,            )
                                        )
        vs.                     )    No. 49A02-1312-CR-1010
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese M. Flowers, Master Commissioner
Cause No. 49F24-1204-FD-27887

**July 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Following a bench trial, Robin Shannon was convicted of theft, a Class D felony, and sentenced to 365 days with credit for time served, all suspended to probation. Shannon appeals her conviction, raising one issue for our review: whether the evidence was sufficient to support her conviction. Concluding the evidence was sufficient, we affirm.

Facts and Procedural History

On April 26, 2012, Macy's loss prevention officers Natalie Hoover and Jeremiah Kiel were conducting video surveillance of Natasha Hill, a Macy's cashier. Shannon approached Hill's register with four pillows priced $160.00 to $200.00 and a comforter priced at $640.00. Before purchasing those items, however, she returned two sweaters and also gave Hill several receipts for the purpose of receiving price adjustments on items she had previously purchased. Hill processed the return and then ostensibly processed the price adjustments, but instead, she keyed items into the register by hand rather than scanning the receipts and actually processed an additional eighteen items from those receipts as returns. Hill gave Shannon a gift card in the amount of $938.65 for the returns and "price adjustments." While Hill was doing this, Shannon continued shopping and returned to the register with a cookware set priced at $279.99 and a set of kitchen storage containers priced at $49.99. Hill placed return stickers on all seven items Shannon presented so it would appear they had been purchased and then pretended to scan all the items. However, she actually scanned only the storage containers twice and applied a coupon, charging $80.23 to the gift card she had previously given Shannon. Shannon left the kitchen items at the register to be taken to the dock for pickup at a later time and took

2

the pillows and comforter with her. Hoover and Kiel were able to see the register transaction and alerted their loss prevention manager to the ruse. As Shannon was walking toward the store's exit, the loss prevention manager stopped her and escorted her to the store's loss prevention office. Shannon initially denied knowing Hill and claimed she had legitimately purchased the items, but later admitted to Kiel that Hill was an acquaintance and that she knew she had not paid for the items.

The State charged Shannon with two counts of theft, one count for the fraudulent return transaction (for exerting unauthorized control over the value of United States currency belonging to Macy's) and one count for the fraudulent purchase transaction (for exerting unauthorized control over United States currency and the bedding and cookware belonging to Macy's). See Appellant's Appendix at 25-26. Shannon testified at the bench trial that the pillows had been mispriced at $9.99, that the comforter was on sale, and that she expected her coupon, an additional "Friends and Family" discount, and her price adjustments would cover her purchases. She also testified that she did not know Hill, and she denied ever admitting that she knew the items had not been paid for. At the conclusion of the bench trial, the State essentially withdrew the first count of theft, noting that "looking at the way that the charging information [is] I believe that technically Count 1 is included in Count 2 . . . [and] I think there would be double jeopardy issues if the Court would enter judgment of conviction as to both." Transcript at 92. The trial court agreed with the State, found Shannon not guilty of Count 1 but guilty of Count 2 and sentenced her to one year, suspended to probation. Shannon now appeals her conviction.

Discussion and Decision

Our standard of review for a sufficiency claim is well settled: we do not reweigh the evidence or assess the credibility of witnesses. Ball v. State, 945 N.E.2d 252, 255 (Ind. Ct. App. 2011), trans. denied. We consider only the probative evidence and reasonable inferences supporting the judgment. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

To convict Shannon of theft as charged, the State must have proved that she knowingly exerted unauthorized control over "the value of United States currency and/or pillows and/or comforter and/or cookware" belonging to Macy's with the intent to deprive Macy's of its value or use. Appellant's App. at 26. For purposes of the theft statute:

> [A] person's control over property of another person is "unauthorized" if it
> is exerted:
> (1) without the other person's consent;
> (2) in a manner or to an extent other than that to which the other person has
> consented;
> * * *
> (4) by creating or confirming a false impression in the other person . . . .

Ind. Code § 35-43-4-1(b). Shannon challenges the evidence of intent, arguing that the evidence only supports her intent to benefit from a good deal, not an intent to exercise unauthorized control over or deprive Macy's of the value of its goods.

4

Shannon's argument is essentially an invitation for us to reweigh the evidence in her favor. Shannon argues the videofeed of the transaction which Hoover and Kiel watched live and which was saved to CD and admitted into evidence shows no familiarity between herself and Hill.[1] However, if they were acting in concert to conduct an illicit transaction, it only makes sense they would act as if they were strangers. Shannon also argues that she believed her returns and price adjustments together with mispriced merchandise, sales prices, and coupons would cover the cost of the new merchandise she was purchasing and she had no obligation to correct or reject pricing errors. We cannot accept, as the trial court also did not accept, that a person could legitimately believe she could receive price adjustments on eighteen items, most of which appear to be items of clothing, in the amount of over $900.00, or that she could purchase almost $1,800.00 worth of items for only $80.00. The evidence most favorable to the trial court's judgment is that Shannon knew Hill, that Hill gave her full refunds for eighteen items she did not physically return, that she presented seven items for purchase which Hill marked with return codes, and that Hill rang up only the least expensive of the items, although she did ring it up twice. Shannon does not dispute that she did not have a receipt showing the purchase of the items she was carrying out of the store when she was stopped. See Wilson v. State, 835 N.E.2d 1044, 1051 (Ind. Ct. App. 2005) (holding evidence sufficient to support theft conviction when defendant was stopped at entrance to store carrying bagged merchandise for which she had no receipt), trans. denied.

---

[1] Like the State, this court was unable to view the video of the transaction that was entered into evidence at the trial. See Brief of Appellee at 8 n.2. However, it does not appear there is any dispute about what the video shows.

5

## Conclusion

The State's evidence proves that Shannon engaged in this transaction with the intent to deprive Macy's of currency and merchandise.  Her conviction is affirmed.

Affirmed.

RILEY, J., and BRADFORD, J., concur.