**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 12 2014, 10:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN P. WILSON**
Wilson & Wilson
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VERONICA E. PERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1312-CR-546 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON CIRCUIT COURT
The Honorable Mark K. Loyd, Judge
Cause No. 41C01-1207-FD-427

**September 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issues

Following a bench trial, Veronica Perry was convicted of theft, a Class D felony, and sentenced to nine hundred ten days in the Indiana Department of Correction. Perry appeals her conviction and sentence, raising two issues for our review: 1) whether there was sufficient evidence to support her conviction, and 2) whether her sentence is inappropriate in light of the nature of her offense and her character. Concluding there was sufficient evidence and her sentence is not inappropriate, we affirm.

Facts and Procedural History

When Perry and a friend entered the Bath and Body Works store at Greenwood Park Mall, Kelly Rice, a sales manager at the store, kept an eye on them because they were suspected of taking items from the store on past visits. Rice and another store employee saw Perry put several items in her purse and Perry's friend put items in a shopping bag from another store. They left the store without approaching the cash registers or paying for the items. Rice called mall security and followed behind the women as they went to other stores until a mall security officer caught up with them. Perry had new, sealed perfume, lotion, and body mist from the store in her purse, but she had no receipt for the items. After the security officer advised the women of their Miranda rights, both admitted to taking items without paying for them.

The State charged Perry with theft, a Class D felony. A bench trial was held over two days, at the conclusion of which the trial court found Perry guilty. At sentencing, after hearing from Perry and reviewing the pre-sentence investigation report, the trial court made the following statement:

That is the criminal history you come to the court with a decade of criminal conduct, six prior convictions, two prior felony theft convictions, two arrest for deception issues while you were out on bond on this matter. By your own testimony you reflect that even though you were under this Court's supervision you failed to refrain from the consumption of illegal substances . . . . I absolutely agree with the [State], I think he nails it on the head, until or unless somebody does something you are just continue [sic] your behavior, that is what the history is. . . . [W]hat you can't do is undo history and the historical context that you come before me on indicates he is spot on. So you are one of those uniquice [sic] individuals who's [sic] character and nature through your continuing course of conduct indicates that this is most likely to reoccur unless drastic steps are taken and I think those drastic steps certainly indicate that you are an individual that needs to be incarcerated.

Transcript at 45-46. The trial court ordered Perry to serve a two and one-half year sentence at the Department of Correction. Perry now appeals.

Discussion and Decision

I. Sufficiency of Evidence

Our standard of reviewing a sufficiency of the evidence claim is well-settled: we do not reweigh the evidence or assess the credibility of the witnesses. Ball v. State, 945 N.E.2d 252, 255 (Ind. Ct. App. 2011), trans. denied. We consider only the probative evidence and reasonable inferences supporting the judgment. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

To convict Perry of theft as charged, the State must have proved that she knowingly or intentionally exerted unauthorized control over property of another person with the intent to deprive that person of its value or use. Ind. Code § 35-43-4-2(a) (2012). For purposes of the theft statute: "[A] person's control over property of another person is 'unauthorized' if it is exerted . . . without the other person's consent . . . ." Ind. Code § 35-43-4-1(b)(1). Perry points out conflicting testimony amongst witnesses and argues the conflicts must be interpreted in her favor. For instance, she notes that Rice said she followed the women for approximately five minutes until security arrived, whereas Perry's friend and the mall security officer both testified it took approximately twenty minutes, and argues that a reasonable inference from this conflicting testimony is that Rice followed the wrong women and misidentified Perry as one of the perpetrators.[1]

Perry's argument is essentially an invitation for us to reweigh the evidence in her favor, which is a role reserved exclusively for the trial court as the finder of fact in this case. Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012). Both Rice and a second Bath and Body Works employee identified Perry as one of the women who entered their store and took items without paying for them. Rice testified she had not given Perry permission to take any items from the store. Perry was found in possession of unopened items from the store but produced no receipt to show she had purchased them. The mall security officer who stopped Perry and her friend and assisted Bath and Body Works in recovering its property testified that both women admitted to taking items from the store. This is

---

[1] Perry also asserts the second Bath and Body Works employee may have misidentified her because a photograph of her was presented in an unduly suggestive way. However, no objection was made to the employee's identification of Perry at the time.

4

sufficient evidence from which the trier of fact could reasonably find the elements of theft had been proven beyond a reasonable doubt.

## II. Inappropriate Sentence

Perry also contends her sentence of two and one-half years for a Class D felony theft conviction is inappropriate in light of the nature of her offense and her character.[2] Although a trial court may have acted within its lawful discretion in imposing a sentence, the Indiana Constitution authorizes independent appellate review and revision of sentences through the Appellate Rules, which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B); Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). The defendant has the burden of persuading us that her sentence is inappropriate. Reid, 876 N.E.2d at 1116.

In considering the nature of the offense, the advisory sentence is the starting point the legislature has selected as appropriate for the crime committed. Fuller v. State, 9 N.E.3d 653, 657 (Ind. 2014). The character of the offender portion of sentence review involves consideration of aggravating and mitigating circumstances and other general considerations. Clara v. State, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). We are not

---

[2] Perry states her issue as whether the trial court "abused its discretion when it sentenced [her] by failing to give appropriate consideration to the nature of the offense and the character of the Appellant." Brief of Appellant-Defendant at 1. As our supreme court has made clear, inappropriate sentence and abuse of discretion in sentencing claims are to be analyzed separately. King v. State, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007)). The nature of the offense and the character of the offender are considerations on independent appellate review of a sentence. We again clarify that an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant. Because Perry's actual argument focuses on the nature of her offense and her character, we likewise limit our review to whether her sentence was inappropriate.

limited to the aggravating and mitigating circumstances found by the trial court in analyzing a Rule 7(B) claim. Fuller, 9 N.E.3d at 657.

Perry was sentenced to two and one-half years for her Class D felony conviction. "A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 1/2) years." Ind. Code § 35-50-2-7(a) (2012). Thus her sentence was above the advisory but short of the maximum sentence she could be ordered to serve. The nature of her offense is not remarkable and would not alone warrant a sentence above the advisory. However, as the trial court noted, her character warrants an enhanced sentence. Criminal history is an important relevant factor in evaluating the character of an offender. Rutherford v. State, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). At the time of sentencing, Perry was thirty-three years old. She has been arrested repeatedly since she was eighteen, and she has six previous convictions including two felony convictions for theft. She had three pending cases when she was arrested for this offense, and she was arrested twice more for theft after being charged with this offense. She has received suspended sentences for most of her convictions and has been placed on probation, yet that leniency has been met with further criminal activity. She is the mother of three, but has shown no inclination to set a good example for her children. And she failed to take responsibility for her actions, responding to her counsel's question at the sentencing hearing about why this was happening by stating, "[S]ome of them or [sic] just like being in the wrong place at the wrong time and then the other ones is [sic] trying to provide for my family . . . ." Tr. at 38. Perry's conduct demonstrates a complete disregard for both the law and others.

Finally, we note that Perry's argument that the substantial revisions to the criminal code effective July 1, 2014, should be considered in evaluating her sentence is not well-taken. The legislature has specifically stated that the revision of the criminal code does not affect penalties for crimes committed before the effective date. Ind. Code § 1-1-5.5-22(a) (stating the revision does not affect "(1) penalties incurred; (2) crimes committed; or (3) proceedings begun; before the effective date . . . . Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law . . . ."). The legislature has further stated that it does not intend the doctrine of amelioration to apply. Ind. Code § 1-1-5.5-22(b). We will not compare the level of offense charged or the severity of the sentence Perry received with what might have been the result had she committed her crime two years later than she did.

Perry has failed to convince us that, in light of the nature of her offense but especially in light of her character, the sentence imposed by the trial court is inappropriate.

<u>Conclusion</u>

Sufficient evidence supports Perry's conviction of theft, and her sentence of two and one-half years is not inappropriate. We therefore affirm her conviction and sentence.

Affirmed.

BAKER, J., and KIRSCH, J., concur.