## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2015, 9:32 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kathleen M. Sweeney
Sweeney Hayes, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Paul Bell, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 20, 2015

Court of Appeals Case No.
02A03-1410-CR-366

Appeal from the Allen Superior Court

The Honorable Frances M. Gull, Judge

Case No. 02D06-1401-FB-19

**Crone, Judge.**

## Case Summary

[1] Paul Bell, Jr., appeals his conviction and sentence for class D felony sexual battery, following a jury trial. The dispositive issue presented for our review is

whether the State presented sufficient evidence to support his conviction. Finding the evidence insufficient, we reverse and remand.

## Facts and Procedural History

On July 19, 2013, twenty-year-old A.J. attended a party at her best friend's house in Fort Wayne. During the party, A.J. consumed "a glass of wine, possibly two" and one shot of vodka. Tr. at 64. A.J. testified that she was not intoxicated. A.J.'s former high school boyfriend, Landon, was also at the party. A.J. spoke with Landon outside for over an hour and the two kissed during that time. Around midnight, Bell arrived at the party. A.J. knew Bell and saw him arrive, but she did not interact with him.

Sometime after midnight, A.J. decided to go inside to go to bed. Landon was still at the party when A.J. went inside. A.J. had been sleeping for a few hours when she awoke with Bell on top of her, kissing and touching her. A.J. did not realize it was Bell but assumed it was Landon. A.J. kissed Bell back. A.J. was "in and out of sleep" as the kissing and touching continued. *Id.* at 75. At one point, Bell started to have sexual intercourse with A.J. and she still did not realize that he was not Landon. When Bell eventually asked A.J., "Do you know who I am?" she immediately realized he was not Landon. *Id.* at 76. A.J. tried to push Bell off her, but he continued to have sexual intercourse with her until he finally just "fell dead weight on top" of her. *Id.* A.J. pushed Bell off her and went downstairs to tell her friends what happened. A.J. was crying and upset.

The State charged Bell with class B felony rape and class D felony sexual battery. Regarding the sexual battery charge, the State alleged that Bell, with the intent to arouse or satisfy his own sexual desires or the sexual desires of A.J., touched A.J. when she was so mentally disabled or deficient that she could not give consent to the touching. Appellant's App. at 20. A jury trial was held on August 12 and 13, 2014. The jury found Bell not guilty of rape, but guilty of class D felony sexual battery. The trial court sentenced Bell to three years' imprisonment. This appeal ensued.

## Discussion and Decision

When reviewing the sufficiency of the evidence to support a conviction, we examine only the probative evidence and reasonable inferences that support the verdict. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014). We do not assess witness credibility or reweigh evidence. *Id*. Rather, we consider only the evidence most favorable to the verdict and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). The evidence will be deemed sufficient if an inference may reasonably be drawn from it to support the conviction. *Id*.

To prove that Bell committed class D felony sexual battery as charged here, the State was required to prove that Bell, acting with intent to arouse or satisfy his own sexual desires or the sexual desires of A.J., touched A.J. when she was "so

mentally disabled or deficient that consent to the touching" could not be given. Ind. Code § 35-42-4-8(a)(1)(B).[1]  Bell contends that the State failed to prove that A.J. was "so mentally disabled or deficient" that she could not give her consent to the touching.  Specifically, he argues that A.J.'s state of being asleep during the touching does not constitute being mentally disabled or deficient pursuant to the sexual battery statute.  We agree.

The evidence indicates that A.J. had been sleeping for a few hours when she awoke to a male on top of her, kissing and touching her.  A.J. assumed it was her ex-boyfriend.  Although she was "half asleep," A.J. kissed the male back.  Tr. at 97.  A.J. testified that she was "in and out of sleep" as the kissing and touching continued.  *Id*. at 75.  At one point, the male started to have sex with A.J. and she still did not realize that he was not her ex-boyfriend.  A.J. stated that it was not until the male, Bell, asked her, "Do you know who I am?" that she realized he was not her ex-boyfriend.  *Id*. at 76.  A.J. testified that she was not intoxicated or impaired by any medication.

We agree with Ball that this evidence is insufficient, pursuant to Indiana Code Section 35-42-4-8(a)(1)(B), to establish that A.J. was so mentally disabled or deficient that consent to the touching could not be given.  In *Ball v. State*, 945 N.E.2d 252, 258 (Ind. Ct. App. 2011), *trans. denied*, another panel of this Court interpreted the phrase "mentally disabled or deficient" pursuant to the sexual

---

[1] This statute was amended effective July 1, 2014.  We cite the version in effect at the time Bell committed his crime.

battery statute and determined that "being asleep does not constitute being mentally disabled or deficient." In reaching its decision, the *Ball* court looked to the interpretation of similar language in the rape and criminal deviate conduct statutes and noted that the phrase "mentally disabled or deficient" had been interpreted to include those with lower than normal intelligence, highly intoxicated victims, and a victim who had unknowingly ingested eight Xanax. *Id*. at 257. The *Ball* court found that a victim's state of being asleep during a touching had only been found to satisfy an additional, alternative prong included in the rape and criminal deviate conduct statutes, not then present in the sexual battery statute, which permits conviction of a defendant if the victim is "unaware" the conduct is occurring. *Id*. (citations omitted). After *Ball,* effective July 1, 2012, to June 30, 2014, our legislature amended the sexual battery statute to include a provision, similar to the other sex offense statutes, regarding the sexual touching of a victim who is "unaware that the touching is occurring." Ind. Code § 35-42-4-8(a)(2). Curiously, the State did not charge Bell pursuant to this subsection of the statute nor argue at trial or ask the jury to be instructed as to this subsection.

[9] We agree with the holding in *Ball* and conclude that A.J.'s state of being what she described as "half-asleep" during Bell's touching (coupled with the apparent mistaken identity that occurred) is not equivalent to a mental disability or deficiency for the purposes of the sexual battery statute. *See Perry v. State*, 962 N.E.2d 154, 159 (Ind. Ct. App. 2012) (agreeing with *Ball* and concluding that victim's sleep and intoxication to the point of being "a little buzzed" was

insufficient to satisfy mentally disabled or deficient prong of sexual battery statute).   Bell's conduct toward his victim, however deplorable, simply does not meet the definition of sexual battery as charged and argued by the State.   The State failed to prove the element of mental disability or deficiency beyond a reasonable doubt.   Therefore, we reverse Bell's sexual battery conviction.

[10]   When a conviction is reversed because of insufficient evidence, we may remand to the trial court to enter a judgment of conviction upon a lesser-included offense if the evidence is sufficient to support the lesser offense.   *Ball*, 945 N.E.2d at 258.   Bell concedes on appeal that the evidence is sufficient to support a conviction for class B misdemeanor battery.   *See* Ind. Code § 35-42-2-1(a).   Thus, we reverse and remand with instructions for the trial court to enter judgment of conviction for class B misdemeanor battery and to resentence Bell accordingly.[2]

[11]   Reversed and remanded.

Brown, J., and Pyle, J., concur.

---

[2] Because we reverse and remand for resentencing based upon a lesser offense, we need not address Bell's challenge to the three-year sentence imposed by the trial court.