## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 07 2019, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT
Ellen M. O'Connor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James T. Hackney, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 7, 2019 <br><br> Court of Appeals Case No. 19A-CR-64 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela D. Davis, Judge <br><br> Trial Court Cause No. 49G16-1810-CM-34531 |

**Tavitas, Judge.**

# Case Summary

James Hackney appeals his conviction for domestic battery, a Class A misdemeanor. We affirm.

# Issue

Hackney raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

# Facts

On October 10, 2018, Tracie Parker and her boyfriend, Hackney, left a bar and started riding bicycles home. Parker was intoxicated and had the phone they shared. At some point, the couple argued and got off their bicycles, and Parker threw the phone. Parker "[took] off running," and Hackney chased her. Tr. Vol. II p. 28. Witnesses on the street called the police as a result of the argument.

Officer James Wallace with the Indianapolis Metropolitan Police Department was only a few hundred yards away from the area when he received a dispatch. When Officer Wallace arrived on the scene seconds later, he observed Hackney chasing Parker in the middle of the road, and they were running toward Officer Wallace. Officer Wallace saw Hackney push Parker from behind. Parker stumbled and fell down. Officer Wallace activated his emergency lights, and Hackney yelled that Parker "stole his phone." *Id.* at 20. During the investigation, Hackney talked to Parker in a "threatening manner." *Id.* at 21.

Officer Wallace saw that Parker was "scared" and that she had fresh wounds on her knee cap and elbow. *Id.*

[5] The State charged Hackney with domestic battery, a Class A misdemeanor. At a bench trial, Parker testified that Hackney "pushed [her] but not hard." *Id.* at 9. Parker later described the touch as "just like a tap, like give me my phone . . . ." *Id.* at 14. The trial court found Hackney guilty as charged. Hackney now appeals.

## Analysis

[6] Hackney challenges the sufficiency of the evidence to support his conviction. When there is a challenge to the sufficiency of the evidence, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State,* 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *reh'g denied*, *cert. denied*), *reh'g denied*, *cert denied*. Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84). "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84)*; see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court"). Further, "[w]e will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State,*

73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

[7] Indiana Code Section 35-42-2-1.3(a) governs the offense of domestic battery and provides: "[A] person who knowingly or intentionally: (1) touches a family or household member in a rude, insolent, or angry manner . . . commits domestic battery, a Class A misdemeanor." In the charging information, the State alleged that Hackney "did knowingly touch Tracie Parker, a family or household member, in a rude, insolent or angry manner by striking and/or pushing Tracie . . . ." Appellant's App. Vol. II p. 15. A person engages in conduct "knowingly" if, "when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "Evidence of touching, however slight, is sufficient to support a conviction for battery." *Ball v. State*, 945 N.E.2d 252, 258 (Ind. Ct. App. 2011), *trans. denied*.

[8] Hackney argues that he did not push or strike Parker and that the "tap" was not intended as a rude, insolent, or angry touch. Appellant's Br. p. 7. The evidence most favorable to the conviction, however, is that Hackney and Parker argued over their phone after leaving a bar. Neighbors called police, and Officer Wallace arrived on the scene quickly. Officer Wallace witnessed Hackney chasing Parker and observed Hackney push Parker from behind. As a result, Parker stumbled and fell down. Sufficient evidence exists from which the trial court could infer that, by chasing and pushing Parker, Hackney knowingly touched Parker in a rude, insolent, or angry manner. Hackney's arguments are

merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we cannot do.

[9] The State presented sufficient evidence to sustain Hackney's conviction for domestic battery, a Class A misdemeanor.

# Conclusion

[10] The evidence is sufficient to sustain Hackney's conviction. We affirm.

[11] Affirmed.

Crone, J., and Bradford, J., concur.